313 So.2d 656 (1975)
STATE of Florida, Plaintiff,
v.
Walter Alonzo MILLER, Defendant.
No. 45865.
Supreme Court of Florida.
February 19, 1975.
Robert Eagan, State's Atty., and Jeffords D. Miller, Asst. State's Atty., for plaintiff.
R. Philip Haddock, Lakeland, for defendant.
ERVIN (Retired), Justice.
We have for consideration pursuant to Appellate Rule 4.6 certified questions from Honorable Russell S. Thacker, Acting Circuit Judge, Ninth Judicial Circuit, which are presented to us in the following form:
"STATEMENT OF THE FACTS:
"On March 26, 1974 the attached felony information was filed in Circuit *657 Court of the Ninth Judicial Circuit in Kissimmee, Florida, by an Assistant State Attorney. On May 29, 1974, the information was quashed by this Court pursuant to the attached Order and pursuant to F.S. 27.181(3) and F.R.C.P. Rule 3.140(g). Under F.S. 27.324 the Assistant State Attorney's properly appointed by each State Attorney are vested with all the powers, duties, and responsibilities of the State Attorneys.
"QUESTION OF LAW:
"Can a duly authorized Assistant State Attorney legally sign a felony information?
"Does F.S. 27.324 conflict with F.S. 27.181(3)?
"The question is certified for an opinion as a matter of great public interest and involving a conflict of the Laws of Florida. It further appears to the Court that designated assistants in certain large circuits are allowed to sign felony informations by statute.
"Certified from Kissimmee, Osceola County, Florida, this 26 day of June, 1974."
We conclude that both questions should be answered in the affirmative.
Section 27.181(3), F.S., originally enacted as Section 3 of Chapter 67-188, Laws of Florida, 1967, pursuant to the limitations of the 1885 Florida Constitution, has been superseded in respect to the certified questions by Section 27.324, F.S., originally enacted as Chapter 69-212, Laws of Florida, 1969, which provides that assistant state attorneys appointed by each state attorney are "vested with all the powers, duties and responsibilities of state attorneys." (Emphasis supplied.)
Section 27.324, F.S. conforms to Section 17, Article V, State Constitution, which became effective January 1, 1973. Section 17 of Article V contains no limitations on the Legislature affecting its power to grant assistant state attorneys authority to sign informations, as had been the construction given Section 10, Article I, and Section 15 of Article V of the 1885 Florida Constitution in State ex rel. Ricks v. Davidson (1935), 121 Fla. 196, 163 So. 588. This appears so because when said sections were construed to require signature of the state attorney on an information as a condition precedent to filing, the Governor appointed assistant state attorneys while now under Section 17, Article V the state attorneys pursuant to authorization of law appoint them. They now serve as the alter egos of the state attorney appointing them and to consistently carry out this nonconflicting relation are given by Section 27.324 "all powers of state attorneys," which includes the power to sign informations. When an assistant state attorney signs and files a felony information it is tantamount to the state attorney himself filing it under present law.
Said sections of the 1885 Florida Constitution have thus been superseded by revised Section 17, Article V, and implementing statutes thereunder, insofar as there were any constitutional limitations that assistant state attorneys may not sign informations.
The rule-making authority to make rules for all courts is reposed in the Supreme Court pursuant to Section 2(a), Article V. This Court has already provided in its rules of procedure that assistant state attorneys may sign informations charging misdemeanors. See R.Cr.P. 3.140(g), which accords with the view expressed above that assistant state attorneys have the same power as state attorneys to sign informations generally.
By the authority of Section 2, Article V, Constitution of Florida, this Court has promulgated rules for the practice and procedure in all courts of Florida. It has imposed upon the state attorneys of Florida the duties of "Criminal Intake" (R.Cr.P. 3.115), and requires that informations be *658 filed against persons arrested, where the evidence justifies it, within a time period measured in hours.
The administrative burdens upon state attorneys constantly enlarge, and correspondingly necessitate greater reliance upon assistants and the delegation of authority to them. Innovations such as teletyped informations have been authorized in order to expedite the functions of the state attorneys in criminal intake, thus expediting the prompt disposition of the business of the courts. To rule that assistant state attorneys can sign felony informations will greatly facilitate the expeditious handling and prompt disposition of criminal cases in Florida. Under today's Constitution, there is no prohibition against it.
State ex rel. Ricks v. Davidson, supra, and all other holdings of this Court contrary to our answers herein are expressly overruled.
We reiterate what has often been held by this Court that constitutional provisions are limitations upon legislative powers, not grants. Unless it clearly appears in the present Florida Constitution or the United States Constitution that the Legislature in its enacting authority or this Court in its rule-making authority is expressly or impliedly constitutionally limited, the Legislature is free to enact any statute and the Court is free to adopt any procedural rule.
Here, it does not appear there is any constitutional impediment upon a grant of statutory power to assistant state attorneys to sign informations charging either felony or misdemeanor violations. Therefore, for the reasons stated, the limiting language in Section 27.181(3), F.S., "except, however, that due to constitutional limitations, no such assistant may sign informations," is no longer applicable because the present constitution does not contain such limitations either expressly or impliedly.
The certified questions are answered accordingly.
ADKINS, C.J., and McCAIN and OVERTON, JJ., concur.
ROBERTS, J., dissents with opinion.
ROBERTS, Justice (dissenting).
I must respectfully dissent from the majority decision and would answer the certified question herein posited by the Circuit Court, Ninth Judicial Circuit, in the negative.
Article V, Section 17, Constitution of Florida (1973), explicitly provides:
"Section 17. State attorneys. In each judicial circuit a state attorney shall be elected for a term of four years. He shall be the prosecuting officer of all trial courts in that circuit and shall perform other duties prescribed by general law; provided, however, when authorized by general law, the violations of all municipal ordinances may be prosecuted by municipal prosecutors. A state attorney shall be an elector of the state and reside in the territorial jurisdiction of the circuit. He shall be and have been a member of the bar of Florida for the preceding five years. He shall devote full time to his duties, and he shall not engage in the private practice of law. State attorneys shall appoint such assistant state attorneys as may be authorized by law." (emphasis supplied)
and Article I, Section 15(a), Constitution of Florida (1973), provides:
"(a) No person shall be tried for capital crime without presentment or indictment by a grand jury, or for other felony without such presentment or indictment of an information under oath filed by the prosecuting officer of the court, except persons on active duty in the militia when tried by courts martial."
The prosecuting officer of the State is the State Attorney of the judicial circuit whose required qualifications are stated in *659 Article V, Section 17, Constitution of Florida. Relative to powers and duties of Assistant State Attorneys, Section 27.181, Florida Statutes, contains the following language.
"(3) Each assistant state attorney appointed by a state attorney under the authorization of this act shall have all of the powers and discharge all of the duties of the state attorney appointing him, under the direction of said state attorney, except, however, that due to constitutional limitations, no such assistant may sign informations. He shall sign indictments and other official documents, except informations, as assistant state attorney, and when so signed, the same shall have the same force and effect as if signed by the state attorney." (emphasis supplied)
As I have recently stated in my dissent to the majority opinion in State ex rel. Harris v. McCauley, 297 So.2d 825 (Fla. 1974), opinion filed July 17, 1974, "[C]harging a person with a felony is a serious matter and the people of this State by ratifying Article V have decided that five years experience as a member of The Florida Bar is requisite to the holding of the position as prosecuting officer of the court. This requirement is implicitly contained in Section 27.16, Florida Statutes, which permits the appointment of an acting state attorney. This is evidenced by the language of Section 27.181, Florida Statutes, that `due to constitutional limitations, no such assistant may sign informations.'"
This Court expressly stated in State ex rel. Ricks v. Davidson, 121 Fla. 196, 163 So. 589 (1935), wherein two informations charging felonies, one signed by the assistant state attorney and the other signed in the state attorney's name by an assistant, were held void,
"But the filing of an information is the lodging in a court of a solemn and formal complaint charging a citizen, or citizens, with a violation of the criminal statutes and now informations may be used to charge the most heinous offenses not punishable by death.

"Therefore, it is a wise and salutary provision of the Constitution which limits the exercise of that power to those officers who are specifically provided for by the provisions of the Constitution. It is a function in the performance of which careful consideration, wise conclusions, and cautious action should be exercised, and by an officer recognized by the Constitution." (emphasis supplied)
With emphasis, I must restate the following from my dissent in McCauley, supra:
"The people of this State decided that the prosecuting officer of each circuit charged, inter alia, with the duty of filing informations must be a member of the bar of Florida for the preceding five years and this requirement applies to acting state attorneys as well as state attorneys. It is a fundamental rule of construction that when the Constitution prescribes the manner of doing a thing, this in effect constitutes a prohibition against the passage of a law prescribing a different manner of doing it. Segars v. State, 94 Fla. 1128, 115 So. 537 (1927).
Accordingly, I would find that the assistant state attorney is not authorized to sign felony informations.