DOWNEY, Judge.
The state seeks review of an interlocutory order dismissing an information charging appellee with sexual battery.
It appears the trial court granted appel-lee’s motion to dismiss the information because the State Attorney who signed the information failed to “certify” that he had received testimony under oath from the material witnesses for the offense. The information was signed by a designated Assistant State Attorney and contained the following oath taken before a deputy clerk of the Circuit Court of Broward County:
“. . who being first duly sworn, says that the allegations as set forth in the foregoing Information are based upon facts that have been sworn to as true by the material witness or witnesses and which, if true, would constitute the offense therein charged; and that he has instituted this prosecution in good faith.”
Fla.R.Crim.P. 3.140(g), provides:
“(g) Signature, Oath, and Certification; Information. An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his good faith in instituting the prosecution and certifying that he has received testimony under oath from the material witness or witnesses for the offense. An information charging the commission of a misdemeanor shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his good faith in instituting the prosecution. No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits.”
The state contends that the oath set forth on the information in this case meets the requirements of the rule because the State Attorney has sworn that the information is based upon facts that have been sworn to as true by the material witnesses. Appellee suggests that this is not sufficient. It is appellee’s view that the State Attorney verifying the information must “certify” that he received the testimony under oath from the material witnesses. In support of that position appellee suggests that it was not proper under the rule for one Assistant State Attorney to interview material witnesses and take their sworn statement and then turn the matter over to another Assistant State Attorney to prepare the information and verify it. It appears the appel-lee would interpret the rule to require the Attorney verifying the information to personally take the testimony of the witnesses and then certify that he has done so.
When the respective arguments of the parties are considered in the light of the reasons for including the pertinent language under consideration in the current rule, it appears the state’s position is sound. The predecessor of the current rule[1] required that an information charging a felony should be signed by a State Attorney under oath, stating only his good faith in instituting the prosecution. There was no requirement that he certify that he had received the testimony under oath from the material witnesses. That requirement was added effective March 31, 1975, “to establish good faith in the institution of the prosecution and provide more accountability” according to the Author’s Comment following Rule 3.140. 33 F.S.A. p. 121. In other words, before any felony prosecution is instituted by filing an information the prosecutor must certify that the facts upon which the prosecution is based have been sworn to by the material witnesses.
Adverting once again to the terminology used in the affidavit of the Assistant *680 State Attorney verifying the information in question, we find that it states, in pertinent part, that after being sworn the Assistant State Attorney said the allegations of the information are based on facts sworn to by the material witnesses. We find the purpose of the rule is met by the affidavit in question.
We do not feel the rule intended that in every instance the Assistant State Attorney who interviewed the witnesses must prepare and verify the information. That is totally unrealistic in this day and time. The problem is not unlike the one considered by the Supreme Court of Florida in State v. Miller, 313 So.2d 656 (Fla.1975), when it stated:
“The administrative burdens upon state attorneys constantly enlarge, and correspondingly necessitate greater reliance upon assistants and the delegation of authority to them. Innovations such as tel-etyped informations have been authorized in order to expedite the functions of the state attorneys in criminal intake, thus expediting the prompt disposition of the business of the courts. To rule that assistant state attorneys can sign felony informations will greatly facilitate the expeditious handling and prompt disposition of criminal cases in Florida.” Id. at 658.
The skill and responsibility necessary in preparing and filing an information are quite different than the taking of sworn statements from witnesses. In the nature of things a less experienced assistant can be assigned to the latter duty while the older more experienced assistants will more likely attend to the former.
Finally, there is nothing magical about the word “certify”. It means “to testify in writing; to make known or establish as a fact.”[2] Words and Phrases[3] defines it: “to attest authoritatively”. When the Assistant State Attorney swears that the allegations set forth in the information are based upon facts that have been sworn to as true by the material witnesses, that is tantamount to his “certifying that he has received testimony under oath from the material witness or witnesses for the offense.”
Accordingly, the order appealed from is reversed and the cause is remanded with directions to reinstate the information and for further proceedings.
REVERSED AND REMANDED, with directions.
WEAVER, SIDNEY M., Associate Judge, concurs.
CROSS, J., dissents with opinion.

. Fla.R.Crim.P. 3.140(g) (1974), adopted In 65 (Fla.1973), effective February 1, 1973. Florida Rules of Criminal Procedure, 272 So.2d

. Black’s Law Dictionary (4th ed. 1968), 287.

. 6A Words and Phrases 86.