COBB, Judge.
Sowers entered a plea of nolo contendere to a charge of sale and delivery of a controlled substance, specifically reserving the right to appeal the trial court’s denial of a motion to discharge under the speedy trial rule, and denial of a motion to dismiss.
On January 4, 1979, Sowers was taken into custody. After defendant filed a motion to dismiss, on May 17, 1979, the state filed a motion to toll the running of the speedy trial time. On May 17, 1979, the trial court tolled the speedy trial period for two (2) weeks to allow the state to file an answer. After the state’s answer was filed, the trial court denied defendant’s motion. On July 17, 1979, the same day the motion to dismiss was denied, defendant filed a “Motion To Continue And Toll The Speedy Trial Period” pursuant to Florida Rule of Criminal Procedure 3.191(dX2), for the purpose of defendant’s filing an interlocutory appeal of the denial of the motion to dis *577 miss.[1] Defendant’s motion specifically requested that the speedy trial period be tolled until a final mandate was issued by the appellate court. However, on July 17, 1979, the trial court, in granting the motion, stated:
ORDERED AND ADJUDGED that Defendant’s Motion to Continue With a Tolling of the Speedy Trial Period, pursuant to 3.191(d)(2), FRCrP, be and is hereby GRANTED.
The order itself does not grant an extension for the time period of the appeal or any reasonable period following appeal and is, on its face, indefinite. We cannot accept a construction of the order that would grant the state no time following the appellate mandate within which to go to trial.
Subsequently, defendant petitioned for writ of prohibition to the Florida Supreme Court. On August 27,1979, the prosecution received the mandate denying the writ of prohibition. On November 26, 1979, defendant filed a motion for discharge, which was denied.
Since a specific time period for the extension was not set out, the possible exceptions of Florida Rule of Criminal Procedure 3.191(aX3) to the rule that a defense requested continuance takes the case out of Rule 3.191[2] are not applicable.
Since there was an indefinite extension and no specific time period prescribed, the constitutional reasonableness test applies, rather than the time periods set out in Rule 3.191. See State v. Jenkins, 389 So.2d 971 (Fla.1980). There being no showing of a violation of the constitutional right to speedy trial, the order denying the motion for discharge is affirmed.
The other points raised by appellant do not merit extended discussion and the order denying the motion to dismiss is affirmed. See Sowers v. State, 386 So.2d 245 (Fla.1980); State v. Miller, 313 So.2d 656 (Fla.1975); State ex rel. Register v. Safer, 368 So.2d 620 (Fla. 1st DCA 1979).
AFFIRMED.
ORFINGER and UPCHURCH, JJ., concur.

. We note that, given the previous two-week extension, it was on this date that the procedural speedy trial period would have expired.

. E. g., State v. Bufford, 383 So.2d 928 (Fla. 5th DCA 1980).