400 So.2d 34 (1981)
The STATE of Florida, Appellant,
v.
Angel Gavino RIVERO, Appellee.
Nos. 80-1291, 80-1292.
District Court of Appeal of Florida, Third District.
May 19, 1981.
*35 Janet Reno, State Atty. and Stephen V. Rosin, Asst. State Atty., for appellant.
Nathan & Williams and Douglas L. Williams, Robert F. Weiner, Miami, for appellee.
Before DANIEL S. PEARSON and FERGUSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
FERGUSON, Judge.
The State of Florida appeals from two orders of the Circuit Court, Criminal Division, Eleventh Judicial Circuit, Dade County, Florida, dismissing two felony informations solely because they were both signed by an assistant state attorney rather than by the state attorney. Jurisdiction is pursuant to Florida Rule of Appellate Procedure, 9.140(c)(1)(A). We reverse.
Florida Rule of Criminal Procedure 3.140(g) expressly provides that: "An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney,[1] under oath stating his good faith in instituting the prosecution and certifying that he has received testimony under oath from the material witness or witnesses for the offense... ." (emphasis added). This rule was found to be a proper exercise of the Supreme Court's rule-making authority under Article V, Section 2 of the Florida Constitution (1968, as amended, effective 1973).[2]State v. Miller, 313 So.2d 656 (Fla. 1975). See also In re Florida Rules of Criminal Procedure, 309 So.2d 544, 546 (Fla. 1975); see, e.g., In re Florida Rules of Criminal Procedure, 272 So.2d 65 (Fla. 1973). Florida courts have consistently held that the signing or verification of an information is a *36 procedural matter. See, e.g., State v. Polo, 242 So.2d 457 (Fla. 1970); Champlin v. Cochran, 125 So.2d 565, 566 (Fla. 1960); Dugger v. State, 351 So.2d 740 (Fla.3d DCA 1977). See also Haselden v. State, 386 So.2d 624 (Fla. 4th DCA 1980) (failure to timely raise a defect in an information constitutes a waiver of the defect unless the information wholly fails to charge a crime). We find the authority granting an assistant state attorney power to sign a felony information in Florida Rule of Criminal Procedure 3.140(g), a rule of practice and procedure properly promulgated by the Supreme Court under Article V, Section 2, Florida Constitution (1973).
We respond to appellees' argument by noting that a second authority exists in Section 27.181(2), Florida Statutes 27.181(3) (amended 1980). Section 27.181(2) (1980) provides: "Each assistant state attorney appointed by a state attorney under the authorization of the act shall have all of the powers and discharge all of the duties of the state attorney appointing him, under the direction of said state attorney. No such assistant state attorney, may sign informations unless specifically designated to do so by the state attorney... ." Section 27.181(3) was amended subsequent to this cause of action. Appellees argue, and the trial court apparently found, that the statute in effect at the time of this case, the pre-amended Section 27.181(3) (1979), prohibited assistant state attorneys from signing felony informations. This argument was conclusively rejected by the supreme court in State v. Miller, supra. Appellees' argument that Miller, supra, has been rendered void by the subsequent repeal of Section 27.324, Florida Statutes (1967) is without merit.[3]
The issue in Miller was whether Section 27.324, Florida Statutes (1973) conflicted with Section 27.181(3), Florida Statutes (1973). The court found no conflict. The court held that assistant state attorneys serve as alter egos of the state attorney appointing them and were properly granted the power to sign felony informations. The court's decision in Miller, supra, rests squarely upon its finding under Section 27.181(3)  and not under Section 27.324  that the Florida constitution (adopted in 1968 and amended in 1973) contains no constitutional limitations on the power of the supreme court or legislature to grant assistant state attorneys the power to sign felony informations. The court in Miller found that the exception in Section 27.181(3) regarding signing of felony informations was based on the constitutional limitation of the 1885 Florida Constitution in effect when the statute was originally enacted. With the adoption of the 1968 constitution, this constitutional limitation no longer existed. Since there was no longer a constitutional limitation, the exception did not apply and assistant state attorneys had all of the powers and duties of the state attorney as provided by both Sections 27.181(3) and 27.324. Recognizing that Section 27.324 had become superfluous, the legislature repealed it, effective in 1980. See note 2, supra.
The holding of Miller, supra, remains intact both as to Section 27.181(3) and as to Rule 3.140(g). Because we believe that the signing of felony informations is a procedural matter, we find, independently from the statute, that the court's rule-making power under Article V, Section 2, Florida Constitution (1973) and Rule 3.140(g) is sufficient authority for holding that designated *37 assistant state attorneys have the power to sign felony informations.
Reversed.
NOTES
[1] There is no challenge as to whether this assistant state attorney was properly designated.
[2] Article V, Section 2, Florida Constitution (effective January 1973) provides:

(a) The supreme court shall adopt rules for practice and procedure in all courts including the time for seeking appellate review, the administrative supervision of all courts, the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought. These rules may be repealed by general law enacted by two-thirds vote of the membership of each house of the legislature.
[3] Section 27.181(3) (1973), originally enacted as Section 3 of Chapter 67-188, Laws of Florida, 1967, provided:

Each assistant state attorney appointed by a state attorney under the authorization of this act shall have all of the powers and discharge all of the duties of the state attorney appointing him, under the direction of said state attorney, except, however, that due to constitutional limitations, no such assistant may sign informations... .
Section 27.324, Florida Statutes (1973), originally enacted as Chapter 69-212, Laws of Florida, 1969, provided in its entirety that "the assistant state attorneys properly appointed by each state attorney are vested with all the powers, duties, and responsibilities of state attorneys." In 1977, the Florida legislature repealed Section 27.324 as duplicating Section 27.181(3) (1977).