408 So.2d 694 (1982)
Steven H. CABE, Appellant,
v.
STATE of Florida, Appellee.
No. YY-364.
District Court of Appeal of Florida, First District.
January 11, 1982.
Rehearing Denied January 27, 1982.
*695 Michael E. Allen, Public Defender, and Nancy A. Daniels, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant seeks review of a judgment of conviction and sentence based upon a jury verdict finding him guilty of the crime of false imprisonment. See Section 787.02, Fla. Stat. (1977). Five points are presented. We affirm as to all points raised but one, which we reverse, and therefore remand the case for new trial.
The defendant first urges that his motion to dismiss the information should have been granted because it was improperly signed and filed by an assistant state attorney rather than by the state attorney. The information was filed after the repeal of Section 27.324, Florida Statutes, by Ch. 77-104, § 14, Laws of Florida, which had permitted assistant state attorneys to sign and file informations, but before the effective date of the amendment to Section 27.181(3), Florida Statutes (Supp. 1980), which now prohibits them from so doing. Before the filing of the information in the instant case, however, the Supreme Court of Florida amended Rule 3.140(g), Florida Rules of Criminal Procedure, to provide that a designated assistant state attorney may sign a felony information. Appellant's position that the subject matter of the rule is a matter of substance rather than of procedure, and it is therefore ineffective, has been rejected by the court of appeal for the Third District in State v. Rivero, 400 So.2d 34 (Fla. 3d DCA 1981). We fully concur in the decision and the reasoning of the court in Rivero, and therefore conclude that no error has been shown. See also State v. Miller, 313 So.2d 656 (Fla. 1975).
Next, appellant argues that because he was charged by information only with kidnapping pursuant to Section 787.01(1)(a), Florida Statutes, he could not be convicted of false imprisonment because it is not a lesser-included offense of kidnapping. We reject this contention. The seminal case of Brown v. State, 206 So.2d 377 (Fla. 1968) listed the four possible types of lesser included offenses:
1. Crimes divisible into degrees;
2. Attempts to commit offenses;

*696 3. Offenses necessarily included in the offense charged;
4. Offenses which may or may not be included in the offenses charged, depending on the accusatory pleading and the evidence.
On April 16, 1981, the Florida Supreme Court by order adopted the recommendation of its Committee on Standard Jury Instructions in Criminal Cases to treat lesser degree offenses (category 1) as category (3) or (4) offenses, depending on the offense, and to treat attempts as a category (4) offense which eliminated the first two Brown categories and left the following regrouping:
(1) Offenses necessarily included in the offense charged, which will include some lesser degrees of offenses;
(2) Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence, which will include all attempts and some lesser degrees of offenses.
See, In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases and the Standard Instructions in Misdemeanor Cases, no. 57,734 (Fla., April 16, 1981), as modified by In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, no. 58,799 (Fla., June 5, 1981). Those orders also adopted a schedule of lesser included offenses in which false imprisonment was listed as a category (1) lesser included offense of kidnapping. See Florida Standard Jury Instructions in Criminal Cases, at 260. Although that schedule was not effective until October 1, 1981, and not directly applicable to the instant case, we can only conclude from the approved schedule that the Florida Supreme Court, before its adoption, considered false imprisonment either a category (1) or a category (3) lesser included offense under Brown. This conclusion is inescapable as the new categorization of lesser included offenses neither subtracts from nor adds to the Brown categories; it merely reorganized the existing categories in Brown.
The third point raised asserts that error resulted from the court's instruction on the evidence of flight. We conclude, however, that the evidence was sufficient to support the instruction. See Batey v. State, 355 So.2d 1271 (Fla. 1st DCA 1978).
Appellant's next point alleges the trial court committed error in denying defendant's motion for a psychiatric evaluation before imposing an enhanced sentence. The motion was apparently made pursuant to either Rule 3.720(a)(1) or 3.740, Florida Rules of Criminal Procedure, because the defendant made no attempt to present any evidence that the defendant was insane. In fact, defendant's counsel stated on the record that it was not defendant's position that there was any evidence of insanity. On this record, we conclude that the court's refusal to direct such an evaluation was not error because no evidence was offered to suggest insanity at the time of sentencing. See Gray v. State, 310 So.2d 320, 321 (Fla. 3d DCA 1975).
Appellant's final point requires reversal of the conviction and a remand of the case for new trial. He asserts that it was reversible error for the court to refuse his requested instruction that attempted false imprisonment is a lesser offense to that of kidnapping. The state responds, relying upon Robinson v. State, 338 So.2d 1309 (Fla. 4th DCA 1976), that the trial court was required to instruct only on an attempt to commit the crime charged and not on attempts of lesser included offenses to the crime charged. The state's response, however, overlooks the opinions of the Florida Supreme Court in State v. Abreau, 363 So.2d 1063, 1064 (Fla. 1978), holding that only the failure to instruct on a lesser included offense one step removed from the offense charged is reversible error, and its later filed opinion in State v. Thomas, 362 So.2d 1348, 1349, n. 5 (Fla. 1978), interpreting Abreau as meaning the refusal of the trial court to instruct on an attempted, lesser included offense "may be harmless if the `attempt' offense is `two steps removed' from the crime of which the defendant is convicted ... ." (emphasis supplied) Following *697 the above comment, three district courts of appeal have held that the refusal of a trial court to instruct on an offense one step removed from the crime for which the defendant was convicted is reversible error per se. See Butler v. State, 379 So.2d 715 (Fla. 5th DCA 1980); Hunter v. State, 389 So.2d 661 (Fla. 4th DCA 1980); Gallo v. State, no. 79-2356 (Fla. 3d DCA, September 3, 1981) [6 FLW 2011].
Since attempted false imprisonment is one step removed from the offense which appellant was convicted, i.e., false imprisonment, we have no choice other than to conclude that the refusal of the trial court to instruct on attempted false imprisonment as an appropriate lesser included offense was harmful error.
Affirmed in part, reversed in part, and remanded for new trial.
McCORD and ERVIN, JJ., and PEARSON, Tillman (Retired), Associate Judge, concur.