COBB, Chief Judge.
The appellant, State of Florida, timely appeals non-final orders of the trial court dismissing various defendants’ informa-tions. The trial court ruled that the infor-mations were defective as a matter of form in that they were improperly signed by an *372 assistant state attorney, although reciting in the body that the presecution was brought by the state attorney, Robert Ea-gan. Under the signature line at the end, “Robert Eagan, State Attorney,” appears. The informations are not signed by Robert Eagan, however, but by various assistant state attorneys. The identification of the status of the assistant does not appear at the signature line on the informations, only in the acknowledgements below. The issue on appeal is whether these defects render these informations legally insufficient.
The appellees acknowledge that a designated assistant state attorney has full authority to sign an information. See State v. Miller, 313 So.2d 656 (Fla.1975). They argue, however, that the form is misleading. The signer is not described as an assistant state attorney under the signature line or in the body of the information. The appellees assert, and the lower court held, that the informations should recite that prosecution is being brought by the state attorney through the designated assistant state attorney who signed the information.
Although the issue raised by the defense motions may be pettifogging, the informa-tions were technically defective. It would have been a simple matter for the state attorney’s office to correct the errors in their form and be done with it. See Cantanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971). The opportunity to do so was afforded by the trial court’s dismissal with leave to amend. Instead, the state elected to appeal. Adding insult to injury, it even filed an emergency motion to continue oral argument in this cause rather than waiving it, thereby enlarging the molehill. Certainly, the state and the court system should spend time on weightier matters.
AFFIRMED.
DAUKSCH J., concurs.
COWART, J., dissents without opinion.