MILLS, Judge.
Swain appeals from an order which denied his motion for post-conviction relief sought pursuant to Fla.R.Crim.P. 3.850. We affirm.
Swain was found guilty after a trial by jury of attempted burglary and grand larceny. He was sentenced to five years on the burglary count and three years on the larceny count; the sentences ordered to run consecutively.
In his motion for post-conviction relief, Swain asserts that his sentence for attempted burglary is illegal as it exceeds the maximum authorized by law. This argument was raised in Swain’s direct appeal to this court, Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984), wherein his sentence was upheld as rendered.
Section 777.04(4)(c), Florida Statutes (1983), provides that an attempted burglary which is a felony of the third degree is punishable as a felony of the third degree, unlike other attempted crimes. Section 775.082(3)(d), Florida Statutes (1983), allows for a maximum term of imprisonment of five years for third degree felonies. It is clear, therefore, that the length of Swain’s sentence is within the bounds of the law.
As his second ground for relief, Swain asserts that his conviction was founded on an illegal charging document since it was signed by an assistant state attorney and not by the state attorney. However, the Florida Constitution as adopted in 1968 and amended in 1973 contains no constitutional limitation on the power of the Supreme Court or the legislature to grant assistant state attorneys the power to sign felony informations. State v. Rivero, 400 So.2d 34 (Fla. 3d DCA 1981). “When an assistant state attorney signs and files a felony information it is tantamount to the state attorney himself filing it under present law.” State v. Miller, 313 So.2d 656 (Fla.1975). See also, Rule 3.140(g), Fla.R.Crim.P. (an information charging the commission of a felony shall be signed by the state attorney or a designated assistant state attorney). Accordingly, it can be seen that Swain’s second contention is not a basis for relief.
Affirmed.
WIGGINTON and NIMMONS, JJ., concur.