493 So.2d 80 (1986)
Mickey Dean BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. BA-46.
District Court of Appeal of Florida, First District.
August 27, 1986.
Lloyd L. Vipperman, Jr., and Gilbert A. Schaffnit, Gainesville, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Albritton, Asst. Atty. Gen., Tallahassee, for appellee.
*81 ZEHMER, Judge.
Appellant, Mickey Dean Brown, was convicted of first degree murder for the September 15, 1983, stabbing death of a fellow inmate at Union Correctional Institution and sentenced to life imprisonment. Appealing his conviction, Brown raises seven points for our consideration. Finding no merit to appellant's contentions, we affirm his conviction.
Brown first contends that the trial court was without jurisdiction because the indictment was signed by an individual who was not properly identified as an assistant state attorney. In view of the provision in rule 3.140(f), Florida Rules of Criminal Procedure, that an objection of this nature is waived once the defendant pleads to the merits of the case without properly raising it, we hold that Brown waived his right to object to this technical defect when he pled not guilty to the charge. State v. Rivero, 400 So.2d 34 (Fla. 3d DCA 1981).[1]
Secondly, Brown claims that the trial court erred in denying his discovery request for access to the inmate jackets of state witnesses confined within the Department of Corrections. In his motion, defendant alleged that the jackets might contain evidence which might be useful for impeachment of the inmates for their reputation for truth and veracity and might contain other evidence concerning bias. We hold the trial court properly denied access to the inmate jackets because the motion was too indefinite and was plainly in the nature of a fishing expedition. See Cooper v. U.S., 353 A.2d 696 (D.C.Ct.App. 1975).
The third point raised by Brown is whether the trial court erred in granting the state's motion to compel Brown to give blood samples, hair samples, and fingerprints. Rule 3.220(b), Florida Rules of Criminal Procedure, authorizes the court to require that an accused be fingerprinted and permit the taking of samples of his blood, hair, and other materials of his body which involves no unreasonable intrusion. It was not error to compel the taking of the samples under the circumstances shown in this record. The motions submitted by the state satisfied probable cause requirements and "the desired evidence" requirements of the decision in Jones v. State, 343 So.2d 921 (Fla. 3d DCA 1977).
Next, Brown argues that the trial court erred in denying his motion to suppress evidence taken in violation of his right against unreasonable search and seizure. He claims that samples of blood, hair, and fingerprints taken from him should have been suppressed as the product of an illegal search and seizure, contrary to the fourth amendment of the United States Constitution and article I, section 12, of the Florida Constitution. This argument is without merit. Vera v. State, 400 So.2d 1008 (Fla. 3d DCA 1981), holds that prisoners have a decreased expectation of privacy and the government is not required to obtain a warrant or establish probable cause to conduct searches and seizures of inmates so long as the searches and seizures are reasonable. In the present case, there was reason to believe that Brown was involved in the murder (eye witnesses observed the stabbing), and in addition there was a court order approving the taking of the samples. The search and seizure was not unreasonable.
The fifth issue raised by Brown contends that the trial court erred in admitting certain inflammatory photographs of the decedent. It is well-established that admission of photographic evidence is within the trial court's discretion and will not be disturbed on appeal unless there is a clear showing of abuse. Wilson v. State, 436 So.2d 908 (Fla. 1983); Mardorff v. State, 196 So. 625 (Fla. 1940). Although the color photographs showed the victim in a large pool of blood, they were relevant and material to the issues at trial. Appellant has *82 failed to demonstrate that the trial court abused its broad discretion by admitting these photographs in evidence.
Brown next claims that the trial court committed reversible error in refusing to grant his requested jury instruction pertaining to the justifiable use of force. He argues that a criminal defendant is entitled to an instruction on his theory of defense if there is any evidence to support it, citing Holley v. State, 423 So.2d 562 (Fla. 1st DCA 1982). We agree with the cited proposition, but a review of the supplemental record prepared and filed at our direction after the appellate briefs were filed shows that the trial court actually did adequately and fully instruct the jury on defendant's use of deadly force, in accordance with the self-defense instruction contained in the Florida Standard Jury Instructions (Crim.) 3.04(d). Since the trial judge did in fact give an instruction regarding self-defense, appellant's argument must fail.
Finally, appellant asserts that reversible error was committed when the trial court refused to give defendant's requested jury instruction informing the jury of its inherent pardon power. There is no requirement that a trial court instruct a jury about the exercise of its inherent pardon power, and appellant cites none. The instructions on the lesser included offenses and the verdict form afforded the jury full opportunity to exercise any inherent pardon power by finding defendant either not guilty or guilty of a lesser included offense. See State v. Abreau, 363 So.2d 1063, 1064 (Fla. 1978). There is no merit to this point.
AFFIRMED.
BOOTH, C.J., and JOANOS, J., concur.
NOTES
[1] Appellant cites, as controlling, State v. Tamvakis, 459 So.2d 371 (Fla. 5th DCA 1984). Tamvakis is distinguishable because the defendant in that case had not pled to the merits when the objection was raised.