543 So.2d 236 (1989)
STATE of Florida, Appellant,
v.
Randall L. HARTUNG and Kelly Potts, Appellees.
No. 88-1148.
District Court of Appeal of Florida, Fifth District.
March 2, 1989.
Rehearing Denied May 19, 1989.
*237 Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, Norman R. Wolfinger, State Atty., and Michael R. Hunt, Asst. State Atty., Titusville, for appellant.
James Russo, Public Defender, and George McCarthy, Asst. Public Defender, Rockledge, for appellees.
COWART, Judge.
The dispositive legal question in this case is whether, under Florida Rule of Criminal Procedure 3.140(g), a state attorney, or his designated assistant,[1] who signs an information charging a felony offense must personally administer oath to, and personally question and see and hear the testimony of the material witness or witnesses upon which charges are based.
We answer the question in the negative and hold that the testimony of such witnesses may be sworn to before anyone authorized to administer oaths[2] and their testimony under oath may be given out of the presence of the state attorney or his designated assistant, and that sworn testimony documented or evidenced stenographically or electronically in the form of affidavits, depositions, video tapes, magnetic tapes, or otherwise, and the evidence of the sworn testimony of such material witnesses may be "received" and considered by the state attorney or his designated assistant who may then properly certify that he has "received testimony under oath from the material witness or witnesses for the offense" as provided in Florida Rule of Criminal Procedure 3.140(g).[3]
Accordingly, the order dismissing the informations in each of the two trial court cases (Hartung, 86-3303 and Potts, 88-1152) is reversed and this cause remanded for further proceedings.
REVERSED and REMANDED.
SHARP, C.J., and ORFINGER, J., concur.
NOTES
[1] See § 27.181(3), Fla. Stat.
[2] See § 92.50(1), Fla. Stat.
[3] See generally State v. Miller, 313 So.2d 656 (Fla. 1975); Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); and State v. Williams, 362 So.2d 678 (Fla. 4th DCA 1978), dismissed, 368 So.2d 1376 (Fla. 1979).