COBB, J.
The issue here is whether the trial court erred in dismissing a one count information filed against Deborah Weinberg for obtaining a controlled substance by fraud. Weinberg, in a motion to dismiss, maintained that an information had to be based upon the sworn testimony of a material witness and this was not satisfied by the sworn affidavit of the investigating officer, Detective Clifton, since Clifton was not a material witness. The state’s response was that Detective Clifton had spoken with a staff person from the doctor’s office.
The assistant state attorney testified that at the time she signed the information she had received the sworn probable cause affidavit from Detective Clifton, a police report, an arrest warrant signed by another judge, and finally, that she may have spoken directly with Detective Clifton but could not remember.[1] The trial court below framed the issue as whether Detective Clifton was a material witness and subsequently concluded he was not. Specifically, the court defined a material witness as a person who can give testimony no one else, or at least very few, can give.
The state argues it is entitled to rely upon the sworn affidavit of the law enforcement officer when filing a felony information. Fla.R.Crim.P. 3.140(g). Additionally, the state claims State v. Hartung, 543 So.2d 236 (Fla. 5th DCA), rev. denied, 551 So.2d 461 (Fla.1989) is “on all fours with the issue in this case.” Hartung stands for the proposition that an assistant state attorney who signs an information need not personally administer oath to or personally question, see and hear the testimony of the material witness. The testimony of a material witness may be sworn to before anyone authorized to administer an oath, and then transmitted to the state. The assistant state attorney can then “properly certify that he has received testimony under oath from the material witness .... ” Hartung at 237.
In the instant case, Detective Clifton collected evidence in the form of an altered prescription which the doctor’s office verbally verified had been altered. The state maintains that this makes Detective Clifton a “material witness.” It is clear, however, that while an investigating officer may be a material witness in some situations, this would not be the case here since the pharmacist and doctor would be the *216 material witnesses and there was no sworn affidavit from either. The altered prescription is not something that can be interpreted by Detective Clifton and, as such, she has no importance except for possibly establishing a chain of evidence.
Accordingly, we affirm the trial court’s dismissal of the information in this case and hold that Detective Clifton was not a material witness and the state should not have relied solely on her affidavit when signing the information.
AFFIRMED.
SAWAYA and ORFINGER, R.B., JJ., concur.

. While the stale only appeals the trial court's order granting Weinberg’s motion to dismiss, we caution the lower court that efforts by defense counsel to subpoena state attorneys and inquire into oral communications, sworn or otherwise, between them and a state witness should normally be rejected. See Olson v. State, 705 So.2d 687 (Fla. 5th DCA 1998). We also note that the motion to dismiss was untimely pursuant to Florida Rule of Criminal Procedure 3.140(g), but that point has not been raised on appeal.