STRINGER, Judge.
James Berry appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Berry was found guilty of sexual battery and sentenced to life imprisonment. In his motion, Berry sought relief based on the alleged ineffective assistance of his trial counsel. We reverse the trial court’s order and remand for an evidentiary hearing.
Berry asserted that his counsel erred by stipulating to the State’s motions in limine, which sought to preclude the impeachment of Henry Castle, the alleged sole eyewitness in this case. Specifically, he stated his counsel agreed not to impeach Castle with his diagnosis of manic depression at the time of the offense, evidence that shortly after the alleged incident he was institutionalized in a mental facility, and expert testimony explaining the effects of the medications Castle was on when the incident allegedly occurred. Berry stated that Castle claimed to have observed the sexual battery of the alleged victim, but at the time of the incident, Castle was on several medications to treat his manic depression, including Zoloft, Haldol, Trazo-dine, and Tegretol. Berry stated that although his attorney cross-examined Castle regarding the medications he was on, he did not call an expert, or introduce any evidence, to describe the effects of those medications on Castle’s ability to perceive. In his motion, Berry indicated the medications produce several side effects, including confusion and hallucinations. Therefore, if Berry’s allegations are true, they are sufficient to establish the first part of an ineffective assistance of counsel claim. See Edwards v. State, 548 So.2d 656 (Fla.1989) (stating expert testimony regarding witness’s drug use at time of incident is relevant to credibility); Olson v. State, 705 So.2d 687 (Fla. 5th DCA 1998) (stating that evidence that alleged victim has been *1108 hospitalized for mental health treatment is relevant to impeach the victim’s credibility).
Berry alleged he was prejudiced by his attorney’s errors because Castle was the only witness who allegedly observed the incident. The record indicates the alleged victim did not testify, and Berry asserted there was no physical evidence of guilt introduced. The trial court denied relief finding that Berry was not prejudiced by any error because he had purportedly confessed to the crime. We conclude, however, that the statement made by Berry is subject to different interpretations and of only questionable incriminating value. Under these circumstances, the jury’s interpretation of Castle’s credibility would have been one of the most important aspects of Berry’s defense, and we cannot say that the outcome of his trial would not have changed if Castle’s ability to perceive the events had been impeached. We therefore reverse and remand. On remand, the court shall hold an evidentiary hearing on the claims discussed herein.
Reversed and remanded.
THREADGILL, A.C.J., and BLUE, J., concur.