949 So.2d 1078 (2007)
Daniel M. COULLIETTE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-0541.
District Court of Appeal of Florida, First District.
January 30, 2007.
Rehearing Denied March 2, 2007.
Nancy A. Daniels, Public Defender, and Steven L. Selinger, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Daniel M. Coulliette appeals a conviction for lewd and lascivious molestation upon a ten-year-old boy, contending that the trial court committed fundamental error by allowing the prosecutor to ask him whether he believed the state's witnesses were telling the truth. We affirm.
After Coulliette testified on direct that he did not molest the child, the prosecutor asked him several times on cross-examination whether the child and Coulliette's wife had been lying or telling the truth when they provided testimony contradicting his. This was improper. See, e.g., Knowles v. State, 632 So.2d 62 (Fla.1993); Mosley v. State, 569 So.2d 832 (Fla. 2d DCA 1990). However, courts have reversed on this issue only in circumstances wherein defense counsel objected. *1079 The only case we have found in which a court considered whether such questioning constituted fundamental error declined to so find, and concluded instead that an objection and curative instruction may have been sufficient to avoid a mistrial. See Olson v. State, 705 So.2d 687 (Fla. 5th DCA 1998) (citing Hunter v. State, 660 So.2d 244 (Fla.1995)).
In the case at bar, a timely objection and instruction to the jury could have limited the prosecutor to one improper question. We cannot rule out the possibility that defense counsel may have allowed such questioning to continue as part of her trial strategy. Accordingly, Coulliette's conviction is
AFFIRMED.
DAVIS and BENTON, JJ., and ERVIN, III, RICHARD W., Senior Judge, concur.