IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Appellant,

v.                                     Case No. 5D15-4099

ALAIN LAFFITTE GONZALEZ,

      Appellee.

_____/

Opinion filed March 10, 2017

Appeal from the Circuit Court for
Orange County,
Timothy R. Shea, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellant.

Annette Schultz, of Annette Schultz Law
Group, PA, Orlando, for Appellee.

TORPY, J.

The State challenges an order striking its information and dismissing the charge of

leaving the scene of an automobile crash involving injuries, based upon the alleged failure

of the State to obtain sworn testimony from a "material witness," as required by Florida

Rule of Criminal Procedure 3.140. In this case, the State did not obtain an affidavit or

equivalent from the victim of the collision prior to filing the information. Instead, it obtained

the affidavit of the investigating officer who responded to the scene of the collision, observed the damage to the victim's motorcycle and the injuries to the victim, obtained a description from the victim of the other vehicle, located the other vehicle (found in Appellee's possession), observed the corresponding damage to Appellee's vehicle, and obtained a confession from Appellee after *Miranda*[1] warnings were given. Appellee challenged the sufficiency of the evidence upon which the information was based, contending that the only "material witness" was the victim of the hit-and-run and that the lack of sufficient sworn testimony necessitated that the information be stricken or dismissed.  We reverse.

Except in rare circumstances—such as when a prosecutor knowingly relies on false evidence—in ruling on a motion to strike or quash an indictment or information, "a court should not . . . 'consider the . . . sufficiency of the evidence upon which an indictment or information is based.'"  *Murray v. State*, 3 So. 3d 1108, 1118 (Fla. 2009) (quoting *Fratello v. State*, 496 So. 2d 903, 911 (Fla. 4th DCA 1986)).  This is because a charging document is "no more than an accusation, the merits of which will be determined at trial," and the threshold of proof to levy a criminal charge is "probable cause," not proof beyond a reasonable doubt.  *Id.* Courts are circumspect to afford a criminal defendant with two opportunities to challenge the evidence, once in the context of a challenge to the information or indictment and once at trial. *See Fratello*, 496 So. 2d at 911 (citing *Johnson v. State*, 27 So. 2d 276, 281 (Fla. 1946), for proposition that it would be "absurd for a criminal defendant first to have a trial on the sufficiency and legality of the evidence produced in support of the charge, and then a second trial on the legality and sufficiency

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

of the charge itself"); *see also Costello v. United States*, 350 U.S. 359, 363 (1956) (indictment based solely on hearsay not subject to challenge); *United States v. Waldon*, 363 F.3d 1103, 1109 (11th Cir. 2004) (although some courts criticize the practice, even when indictment is based "solely on hearsay testimony," it is not subject to challenge based on insufficient evidence to support charge).

Notwithstanding this tenet of law, Appellee identifies one authority in which we sanctioned such a challenge, concluding that the trial court had properly dismissed an information due to the lack of sufficient sworn testimony, pursuant to rule 3.140. In *State v. Weinberg,* 780 So. 2d 214 (Fla. 5th DCA 2001), the trial court dismissed the charge of "obtaining a controlled substance by fraud" because the police detective who had given the only sworn testimony to support the charge was not a "material witness," as contemplated by rule 3.140. The detective's affidavit consisted entirely of second-hand information based upon her discussion with a staff member from the complaining doctor's office. 780 So. 2d at 215. Although we did not subscribe to a definition of "material witness," we concluded that the detective's testimony had no "importance except for possibly establishing a chain of evidence [for the forged prescription]."[2] *Id.* at 216.

Rule 3.140 does not contain a definition of "material witness." Our research reveals two definitions adopted in other contexts, neither of which seems workable here. In *Rodriguez v. State,* 919 So. 2d 1252 (Fla. 2005), the Florida Supreme Court approved a definition in the context of Florida Rule of Judicial Administration 2.160(d)(2), which requires a judge to recuse himself if he will be a "material witness" in a proceeding over

---

[2] Whether chain of custody testimony is needed in this context is not important to our opinion. *See* C. Ehrhardt, *Florida Evidence* § 901.3 (2016 ed.) (chain of custody evidence only needed when item susceptible to tampering).

3

which he presides. It concluded that "[a] material witness is one 'who gives testimony going to some fact affecting the merits of the cause **and** about which no other witness might testify.'" *Rodriguez*, 919 So. 2d at 1276 (emphasis added) (quoting *Wingate v. Mach*, 157 So. 421, 422 (Fla. 1934)).[3] The second part of this definition—that the witness be essentially indispensable—would exclude even an eyewitness in any case where there are multiple eyewitnesses to the same crime. For this and other reasons, it appears inapplicable in the context of rule 3.140.

In yet another context, our sister court utilized the evidentiary concept of "materiality" to define the phrase. The Third District held that the out-of-state owner of Intoxilyzer source code was not a "material witness" and accordingly could not be compelled to answer a subpoena in this state pursuant to section 942.02, Florida Statutes (2005), because the information sought was not "material'" to the DUI prosecution, meaning it did not bear on an issue in the case. *State v. Bastos*, 985 So. 2d 37, 41-42 (Fla. 3d DCA 2008). This definition is similar to the first part of the *Rodriguez* definition. It would classify as "material'" any witness having legally relevant information, even if the witness only supplies a small piece of the puzzle. To employ this definition in this context would defeat the rule's purpose, which is to ensure that prosecutors have a good-faith basis for filing criminal charges. Accordingly, we think it more appropriate to interpret the phrase in the context of this rule.

Our decision in *Weinberg* turned on our view that the witness's testimony, even if marginally relevant, was unimportant. Using *Weinberg* for guidance, we conclude that a

---

[3] The trial court in *Weinberg* used a similar definition, although we neither approved nor rejected its use.

4

"material witness" (or witnesses, as the case may be) for purposes of rule 3.140 is one whose testimony is both legally relevant (meaning it tends to prove or disprove a material fact) and substantial (meaning that it supports the elements of the charged crime). The threshold determination by a prosecutor is whether the sworn testimony is sufficient to establish in the mind of a reasonable prosecutor that there exists probable cause to believe that the defendant committed the crime. In making this determination, just as in the case of an indictment or other probable cause determinations, the prosecutor is not necessarily limited to reliance on legally admissible evidence. For example, a prosecutor may rely on a presumptive field test of drugs when a laboratory report is not yet available. A prosecutor may also rely upon corroborated or otherwise reliable witness statements gathered by an officer in the ordinary course of an investigation, such as a list of stolen property supplied by a merchant. *See, e.g.*, *State v. Perkins*, 977 So. 2d 643, 647 (Fla. 5th DCA 2008) (state may rely on references to prior driving record in officer's affidavit to support filing felony driving while license suspended charge).

When a challenge is made to an information based on the sufficiency of the sworn testimony upon which the prosecutor relied, consistent with *Murray*, the question for the trial court is whether the prosecutor acted in good faith, not whether the evidence relied on is substantial enough. Unless the sworn testimony is so lacking that a reasonable prosecutor cannot be said to have acted in good faith, then the challenge should be rejected. *Weinberg* illustrates such a case. There, the officer related only what was told to her. She failed to obtain recorded or handwritten statements of the witness or independently corroborate the pure hearsay. Under the circumstances there, the trial court properly concluded that the prosecutor had not demonstrated objective good faith.

5

Here, by contrast, the affidavit is more than sufficient to support a finding of probable cause to levy the charge. It contains substantial evidence of the crime, not the least of which was a confession. The victim's statement to the officer might qualify as an exception to the hearsay rule and is nevertheless inherently reliable due to the circumstances under which it was given and the independent corroboration by the officer. Even without the consideration of the hearsay from the victim, the officer's testimony alone is sufficient material evidence to support the charge and could potentially support a conviction. Many criminal cases are commenced and proven at trial without victim testimony when the victim is deceased, uncooperative, or otherwise unavailable.

REVERSED AND REMANDED.

ORFINGER, J. and JACOBUS, B.W., Senior Judge, concur.