294 So.2d 639 (1974)
Robert EAGAN, As State Attorney of the Ninth Judicial Circuit of Florida, and Lawson L. Lamar, As Assistant State Attorney, Ninth Judicial Circuit of Florida, Petitioners,
v.
Honorable Peter M. DeMANIO, a Judge of the Circuit Court, Ninth Judicial Circuit of Florida, Respondent.
No. 44366.
Supreme Court of Florida.
May 15, 1974.
Robert L. Shevin, Atty. Gen., Raymond Marky, Asst. Atty. Gen., Robert Eagan, State's Atty., and Lawson L. Lamar, Asst. State's Atty., for petitioners.
Michael F. Cycmanick, of the Law Offices of James M. Russ, Orlando, for respondent.
ADKINS, Chief Justice.
Petitioners, the state attorney of the Ninth Judicial Circuit and his assistant, seek a writ of mandamus commanding the respondent, a circuit judge, to quash subpoenas duces tecum which he issued compelling the petitioners to appear, give oral depositions, and produce their files in regard to a criminal case over which the respondent presides and which the petitioners prosecute. The respondent based his denial of the petitioners' motion to quash *640 the subpoenas on the basis that the petitioners acted, not in a prosecutorial capacity, but in an investigative capacity. Thus, having exceeded their duties as prosecuting attorneys, they became subject to discovery by oral deposition as any other witnesses. The petitioners' brief indicates that the investigation conducted by the petitioners occurred incident to the petitioners' authorization of an application to the court for interception of wire or oral communications pursuant to Fla. Stat. § 934.07, F.S.A., which reads as follows:
"Authorization for interception of wire or oral communications.  The governor, the department of legal affairs, or any state attorney or any county solicitor having jurisdiction to prosecute felonies in his respective jurisdictions may authorize an application to a judge of competent jurisdiction for, and such judge may grant in conformity with this chapter, an order authorizing or approving the interception of wire or oral communications by the department of law enforcement or any law enforcement agency... ."
The state attorneys are constitutional officers (Fla. Const., art. V, § 17, F.S.A.), in whom the Legislature vested the duty to prosecute (Fla. Stat., § 27.02, F.S.A.). Before filing an information under oath (Fla. Const., art. I, § 15, F.S.A.), they necessarily must conduct an investigation to determine whether or not they should execute the statutory oath which requires them to swear that
"[T]he allegations as set forth in the foregoing information are based upon facts that have been sworn to as true and which, if true, would constitute the offense therein charged." Fla. Stat., § 923.03(2), F.S.A.
Investigating activity is necessary to the efficient execution of a prosecutor's duty, and legislative recognition of this was evidenced by statutes authorizing state attorneys to employ investigators (Fla. Stat. § 27.25(1), F.S.A.), and authorizing such investigators to serve arrest warrants, search warrants, subpoenas, and carry weapons (Fla. Stat. § 27.255, F.S.A.), which are activities customarily performed by the police who primarily investigate crimes.
Since prosecutors must necessarily perform investigatory functions incident to their primary duty to prosecute in almost all felony cases, it is unnecessarily burdensome to subject them summarily to discovery by oral deposition on the ground that they have acted in an investigatory as opposed to a prosecutorial capacity. Subjecting prosecutors to this type of discovery of their investigations would require disclosure of their work product and seriously impede criminal prosecutions. These officers do not stand immune from discovery. Our Rules of Criminal Procedure provide adequate safeguards for the defendant by permitting broad discovery. Pursuant to Rule 3.220(a), CrPR, 33 F.S.A., the prosecutor is obligated to disclose to the defendant his witnesses, signed statements, grand jury minutes, tangible objects, expert statements, etc. The manifold provisions advantageous to the defendant provide adequate discovery.
The obligations imposed upon the state attorney to produce matters for discovery purposes are discussed in State v. Crawford, 257 So.2d 898 (Fla. 1972) and State v. Coney, Fla., 294 So.2d 82 (op. filed October 31, 1973).
The Rules also provide (Rule 3.220(a)(5), CrPR) that
"Upon a showing of materiality to the preparation of the defense, the court may require such other discovery to defense counsel as justice may require."
The record of the hearing below on the petitioners' motion to quash reflects no showing of materiality in the preparation of the accused's defense, nor does it reflect any circumstances which show that justice requires oral depositions.
The defendant must first utilize the discovery procedures under Rule 3.220(a), CrPR. If the defendant utilizes these *641 procedures without obtaining the desired information, he must then show "materiality to the preparation of the defense" in order to secure an order requiring further discovery. Subsequent discovery shall be "as justice may require." Rule 3.220(a) (5), CrPR.
If the state attorney fails to comply with the discovery rules, or, if he fails to comply with the guidelines as established in Crawford v. State, supra, and State v. Coney, supra, the defendant then has access to the courts for an appropriate order compelling the state attorney to comply with the discovery procedure.
The peremptory writ of mandamus should be issued. With assurance that the respondent judge will comply with the views expressed in this opinion, the formal issuance of the peremptory writ is withheld.
It is so ordered.
ROBERTS, BOYD, DEKLE and CARLTON (Retired), JJ., concur.
ERVIN and McCAIN, JJ., dissent.