QUESTIONS: 1. Are the investigatory records and files compiled by the state attorney's office prior to the trial of a criminal case (said records and files including copies of law enforcement investigative reports) public records within the purview of Ch. 119, F. S.? 2. Are such investigatory records and files public records once prosecution is completed by the state attorney's office? 3. Are such records and files compiled by the office of the state attorney, including autopsy reports, that never result in prosecution of an individual public records within the purview of Ch. 119?
SUMMARY: The investigatory records and materials compiled by the state attorney's office prior to the trial of a criminal case pursuant to its statutory investigatory or prosecutorial duties, ss. 27.02, 27.03, 27.04, and 27.255, F. S., are confidential pursuant to the "police secrets" rule and therefore are exempted from public inspection under the Public Records Law (Ch. 119, F. S.), prior to and following prosecution and final judgment unless such information or materials become a part of the public record of a trial, when such records and materials contain information which, if released publicly, would burden effective law enforcement. The "police secrets" rule does not exempt records such as arrest records, autopsy reports, business records, copies of informations and indictments, and the like. These records are public records subject to public inspection under Ch. 119 unless a specific exemption exists by statute. AS TO QUESTION 1: Florida's Public Records Law provides in relevant part that: It is the policy of this state that all state, county, and municipal records shall at all times be open for a personal inspection by any person. [Section 119.01, F. S.] "Public records" means: . . . all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency. [Section 119.011(1), F. S.] "Agency" is defined to include: . . . any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law . . . . [Section 119.011(2), F. S.]
The state attorney is a constitutional officer, s. 17, Art. V, State Const., with duties provided by law, ss. 27.02, 27.03,27.04, and 27.06, F. S. Clearly, the state attorney's office is an "agency" within the meaning of s. 119.011(2), F. S., and hence subject to the requirements of ss. 119.01 and 119.07(1), F. S., unless exempted therefrom by law. The answer to your question depends, therefore, on whether the investigative materials to which you refer are exempted by law from the Public Records Law pursuant to s. 119.07(2)(a), F. S. That subsection in part states that all public records which presently are provided by law to be confidential shall be exempt from public disclosure under the provisions of s. 119.07(1). The Florida Supreme Court has held that investigatory activity is necessary to the efficient execution of, and incidental to, the state attorney's statutory duty, s. 27.02, F. S., to prosecute criminal actions on behalf of the state. Eagan v. DeManio, 294 So.2d 639 (Fla. 1974). The state attorney has been characterized as a "one man grand jury," and deemed the "investigatory and accusatory arm of our judicial system of government." Imparato v. Spicola, 238 So.2d 503, 506 (2 D.C.A. Fla., 1970), also see Widener v. Croft, 184 So.2d 444 (4 D.C.A. Fla., 1966), cert. denied, Croft v. Widener, 192 So.2d 486
(Fla. 1966). The investigative duties of the state attorney's office are outlined in Ch. 27, F. S. Section 27.03 requires the state attorney, at the request of the grand jury, to examine witnesses in their presence, give legal advice, and prepare bills of indictment. In addition, he is required to summon and examine witnesses to testify before him as to any violations of the criminal law, s. 27.04. The state attorney is also authorized to employ investigators, s. 27.25(1), whose powers and functions are spelled out in s. 27.255. The investigators so employed are deemed and legislatively declared to be law enforcement officers and conservators of the peace with full powers of arrest. In addition, such investigators are authorized to serve properly issued arrest warrants, search warrants, witness subpoenas, capias, and court orders in connection with a criminal investigation or in a criminal case. Section 27.255(1). While in the performance of their duties, such investigators possess the same rights, protections, and immunities afforded other peace or law enforcement officers. Section 27.255(3). It is clear that, as noted by the Florida Supreme Court in Eagen v. DeManio, supra, at 640, the activities of the investigators working on behalf of the state attorney are activities customarily performed by the police who primarily investigate crimes. Hence, the same policy considerations which exempt certain police records from public inspection where such disclosure would unduly burden effective law enforcement are applicable to criminal investigations conducted by the state attorney's office. Cf. Widener v. Croft, supra, at p. 446, as to the privilege of communications made to prosecuting attorneys by persons with knowledge of facts tending to show the commission of a crime or in connection with possible prosecutions of crime on grounds of public policy. This exemption from disclosure is known as the "police secrets" rule, which was first recognized by the Florida Supreme Court in Lee v. Beach Publishing Co., 173 So. 440, 442 (Fla. 1937). In that case, the court held that certain "letters and dispatches in the detective police service or otherwise relating to the apprehension and prosecution of criminals," are exempt from public inspection on grounds of public policy. Cf. Widener, supra. This office has interpreted the exemption to apply where the effect would be to significantly impair or impede enforcement of the criminal law and to enable violators to escape detection. Attorney General Opinions 072- 168, 073-166, and 075-9. More specifically, investigative information regarding suspects, leads, tips, confidential information, or sensitive information interrelated with criminal activities falls within the "police secrets" rule. Attorney General Opinion 075-9. The exception has not been applied to records of arrest, names of persons who have been arrested, copies of informations and indictments, or the like. Id. The same guidelines outlined above with respect to police activities should be applied to the criminal investigations of the state attorney's office. Hence, sensitive material including, inter alia, the identity or statements of witnesses or informants, possible suspects, and tangible or intangible items of evidence can be withheld from public scrutiny. In specific regard to investigative reports obtained from the police, when the report is a narrative by the police containing confidential or sensitive information of an investigatory nature relating to criminal activities, it is within the rule (see AGO 057-157). However, information as to arrest records, identity of the accused or the victim, the crime committed, etc., is not within the rule; and such records are public records and subject to inspection under Ch. 119, F. S., unless elsewhere exempted by law. The Legislature has enacted several statutes which prohibit disclosure of certain records which would otherwise be subject to the provisions of the Public Records Law. The identity of a victim of sexual battery may not be disclosed, s. 794.03, F. S. (see also AGO 075-203), nor may "the identity of any unmarried person under the age of 16 who commits, is the victim of, who is a witness to, or concerning any sex offense" be published or released. Section 801.221, F. S. In addition, all juvenile records and information obtained pursuant to Ch. 39, F. S., are exempted from the provisions of Ch. 119, F. S. Section 39.12(3). This proscription includes the arrest records and arrest reports of juveniles. See AGO's 070-113 and 073-112. In AGO 075-100, I stated that, even though there is no express statutory provision barring such dissemination, it is improper to release the name, age, and address of a juvenile to the press unless said juvenile is thereafter handled as an adult or a public hearing is held. AS TO QUESTION 2: Investigative records and files compiled by the state attorney's office prior to trial of a criminal case which are exempted from public inspection pursuant to the police secrets rule are not public records subject to public inspection under Ch. 119, F. S. Therefore, where such materials do not become part of the public record of the trial, they retain the exemption provided by the rule following prosecution, the appellate process, and final judgment. AS TO QUESTION 3: It has been held that the state attorney has a duty to investigate prior to actual prosecution. In State, Office of State Attorney for 20th Judicial Circuit v. Sievert, 312 So.2d 788, 791
(2 D.C.A. Fla., 1975), the court stated: As constitutional officers, State Attorneys must necessarily conduct complete and thorough investigations to determine whether or not they should execute the statutory (s. 923.03(2), F. S.) oath required of them in filing informations. Therefore, I am of the opinion that the "police secrets" rule applies to confidential and sensitive information and materials gathered as a result of investigations of criminal activities conducted by the state attorney's office even though prosecution is not instituted. With specific regard to autopsy reports, however, this office has held that they are not within the "police secrets" rule and, hence, are public records and must be made available for inspection. Informal Opinion to Dr. Courtlandt Berry, August 21, 1974.