763 So.2d 1252 (2000)
The STATE of Florida, Petitioner,
v.
Dolphus DONALDSON, Respondent.
No. 3D00-1041.
District Court of Appeal of Florida, Third District.
June 21, 2000.
*1253 Robert A. Butterworth, Attorney General, and Margaret Brenan Assistant Attorney General, for petitioner.
Bennett H. Brummer, Public Defender, and John E. Morrison, Assistant Public Defender, for respondent.
Before COPE, GREEN and SORONDO, JJ.
COPE, J.
In this civil commitment proceeding brought by the State against respondent Dolphus Donaldson under the Jimmy Ryce Act,[1] Donaldson is seeking to take the deposition of opposing counsel, Assistant State Attorney Windy Johnston. Donaldson contends that the prosecutor acted impermissibly in requesting that Donaldson be interviewed in person by the team of psychologists that is reviewing his case. We conclude that there is no basis for taking the deposition of the prosecutor in this matter, and quash the order under review.

I.
When an inmate incarcerated for a sexual offense is approaching the end of his term of imprisonment, his case is referred to a multidisciplinary team at the Florida Department of Children and Family Services to determine whether the inmate qualifies for civil commitment under the Act. See § 916.33, Fla. Stat. (Supp.1998). The state attorney is notified when this referral is made. See id. § 916.33(1).
A person qualifies for civil commitment under the statute if he has been convicted of an enumerated sexual offense and "[s]uffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for longterm control, care, and treatment." Id. § 916.32(9)(b). Donaldson was convicted of two cases of sexual battery, which are qualifying offenses under the Act. See id. § 916.32(8)(d).
*1254 In February 1999, two members of the multidisciplinary team, Dr. Cook and Dr. Stimel, reviewed Donaldson's inmate file and reported to the Department's Assistant Secretary for Mental Health that Donaldson did not "meet the clinical criteria for a further examination with regard to whether the person meets the definition of a sexual predator under the Jimmy Ryce Act." This conclusion was reached after reviewing Donaldson's file, but without actually interviewing Donaldson. The letter from Dr. Cook and Dr. Stimel ended with an important caveat:
Please note that our review of the above referenced inmate was based upon the records provided to us by your staff. Should you receive additional records after the date of this letter, please so advise us. The inclusion of this new information may cause us to amend our professional conclusions and, therefore, our opinion of the need to conduct a further evaluation of the person.

(Emphasis added). By law this recommendation goes to the state attorney. See § 916.33(3), Fla. Stat. (Supp.1998).
On March 4, 1999, the state attorney sent the Department additional information about Donaldson, including his criminal history in other jurisdictions, and material regarding his prosecutions in Florida for sexual battery. The state attorney included the arrest forms, depositions, psychological evaluations of defendant, and the presentence investigation, among other things.
Two other members of the Department's multidisciplinary team, Dr. Lusk and Dr. Frumkin, each interviewed Donaldson separately. On March 30, the Department advised the state attorney that the multidisciplinary team "now find[s] that [Dolphus Donaldson] meets the definition of a violent sexual predator pursuant to the Jimmy Ryce Act." The Department recommended involuntary civil commitment. The State has instituted such proceedings.[2]
In discovery, Donaldson received documents from the multidisciplinary team, including a history form containing information about Donaldson. In the upper right hand corner is a notation "SAO info Wendy [sic] Johnston-SAO wants face to face." Donaldson interprets this notation to mean that the prosecutor called the multidisciplinary team to ask them to interview Donaldson face to face, rather than basing the recommendation solely on the written records which had been submitted.
Donaldson served the prosecutor with a deposition subpoena, and the State moved for a protective order. Donaldson took the position that he should not have to tell the State in advance why he wanted to take the prosecutor's deposition in the pending case, and requested leave to submit his reasons to the court in an ex parte written statement. The trial court allowed Donaldson to do so. After reviewing the submission, the trial court denied the motion for protective order but specified that the deposition of the prosecutor would be taken in the presence of the judge. The State has petitioned for a writ of certiorari.

II.
As a procedural matter, Donaldson should not have been allowed to make an ex parte submission of his reasons for wanting to take the deposition of the prosecutor. Taking the deposition of opposing counsel in a pending case is an extraordinary step which will rarely be justified. See Eagan v. De Manio, 294 So.2d 639, 640-41 (Fla.1974); see also Olson v. State, 705 So.2d 687, 690-91 (Fla. 5th DCA 1998). See generally West Peninsular Title Co. v. Palm Beach County, 132 F.R.D. 301, 302-03 (S.D.Fla.1990); Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir.1986); 14A Fla. Jur.2d Criminal Law *1255 § 1486 (1993). Under the logic of Eagan, Donaldson's reasons for wanting to take the prosecutor's deposition should have been presented with particularity in open court, not ex parte. See 294 So.2d at 640-41. In the rare case in which the defense believes it has a basis for taking the prosecutor's deposition, the defense must first exhaust less intrusive discovery methods, and then make a showing of necessity and materiality, and that the interests of justice require this extraordinary step. See Eagan, 294 So.2d at 640-41. Under Eagan, such a showing must be made openly, not ex parte, so there is a fair opportunity for the state to respond.

III.
On the merits, we conclude that there is no basis in this case for Donaldson to take the deposition of the prosecutor, and respectfully disagree with the trial court's conclusion to the contrary. The state attorney by law is notified when the multidisciplinary review process begins. See § 916.33(1), Fla. Stat. (Supp.1998). Clearly the intent is to allow the state attorney to give input to the team. The multidisciplinary team's February letter invited the submission of additional information about Donaldson, and reserved the right to change the professional evaluation if that were to occur. The package of materials sent by the state attorney to the team was entirely permissible and Donaldson does not say otherwise.
Donaldson contends, however, that it was wrong for the prosecutor to ask the team to interview Donaldson in person. We fail to see how such a request is improper, given a statutory framework which allows the state attorney to give input to the team. If the State feels that a personal interview would be desirable before the team comes to a final opinion, the State may say so. Whether to conduct a personal interview is, of course, up to the team.[3]
Stated differently, the circumstance now before us is comparable to the situation which arises when a prosecutor asks that further work be performed by, for example, a medical examiner, or a firearms examiner, or an accident reconstruction expert. It has never been thought that by submitting information to, or making a request of, an expert, a lawyer in a case thereby makes himself or herself a witness subject to deposition.
In this case Donaldson is, of course, entitled to discovery from the multidisciplinary team, and is entitled to learn from the team the information on which the experts have based their opinion. Donaldson may review the documentary record and may inquire of the team regarding conversations between the team and the prosecutor. Since this information is available by discovery from the team itself, there is no basis for taking the deposition of the prosecutor. The motion for protective order should have been granted.[4]
We grant the petition for writ of certiorari and quash the order now under review. Counsel should try the case, not opposing counsel.
Certiorari granted.
NOTES
[1] The Jimmy Ryce Involuntary Civil Commitment for Sexually Violent Predators' Treatment and Care Act, Ch. 98-64 § 1, Laws of Fla., codified as §§ 916.31.49, Fla. Stat. (Supp.1998). The statute was amended and moved to chapter 394, Part V, Florida Statutes (1999), effective May 26, 1999. See ch. 99-222, Laws of Fla.
[2] The 1998 version of the statute was in effect at the time the civil commitment petition was filed and is cited here.
[3] For present purposes we assume that the State's request for a face-to-face interview, was made before Dr. Lusk and Dr. Frumkin interviewed Donaldson. It is not, however, clear from the documentary record now before us whether the State's request was made before, or after, the interviews were conducted.
[4] Also without merit is Donaldson's claim that the prosecutor must be excluded from attendance when Donaldson takes the depositions of members of the multidisciplinary team.