PER CURIAM.
Petitioner, George Zimmerman (“Zimmerman”), seeks certiorari review of the trial court’s order denying his request to take the deposition of attorney Benjamin L. Crump. We conclude that Zimmerman was entitled to take a limited deposition of Crump to inquire as to the substance of Crump’s interview of Witness 8[1] and the circumstances surrounding the interview. We grant the writ because we would be unable to ascertain the degree of harm resulting from the wrongful denial of this discovery in a plenary appeal. See, e.g., Giacalone v. Helen Ellis Mem’l Hosp., 8 So.3d 1232, 1234-35 (Fla. 2d DCA 2009) (although certiorari is rarely available to review orders denying discovery because the harm can usually be remedied on appeal, relief by writ of certiorari is appro *447 priate when “there is no practical way to determine after judgment how the requested discovery would have affected the outcome of the proceedings.”).
In this high profile case, Zimmerman was charged by information on April 11, 2012, with second degree murder. The charges arose from an incident on February 26, 2012, in which Zimmerman fatally shot Trayvon Martin. During interviews with police, Zimmerman asserted that he shot Martin in self-defense.
On March 19, 2012, Crump, an attorney retained by Martin’s family, conducted a telephone interview of Witness 8. Witness 8 is a potentially crucial witness in this ease because the individual is alleged to have been on the phone with Martin moments before his death. Crump made a recording of the interview, but the recording is incomplete and of very poor quality. Two members of the media were present with Crump at the time he conducted the telephone interview of Witness 8, and portions of the recorded interview were aired on national television the following day.
Initially, Crump agreed to submit to a deposition. However, on the date of the scheduled deposition, Crump filed a fifteen-page affidavit with the court and asked the court to accept the affidavit in lieu of being required to give a deposition. It was Crump’s position that the affidavit provided a complete accounting of the circumstances surrounding the recording of Witness 8’s interview. In response, Zimmerman asserted that the affidavit would not be an adequate substitute for deposition testimony.
Ultimately, after a hearing on Zimmerman’s motion, the trial court entered a written order denying Zimmerman’s request to depose Crump. In its order, the trial court found that Crump was “an opposing counsel” and, pursuant to the test enunciated in Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir.1986), could only be required to submit to deposition upon a showing that:
1. No means existed to obtain the desired information other than to depose opposing counsel;
2. The information sought was relevant and nonprivileged;
3. The information was crucial to preparation of the case.
See also Boughton v. Cotter Corp., 65 F.3d 823, 830 (10th Cir.1995) (deposition of an opponent’s counsel is improper where these three criteria are not met). The trial court determined that Zimmerman had failed to meet this high burden.
The trial court also found that Crump could not be compelled to disclose any information regarding his interview of Witness 8 because the information constituted protected work product obtained by Crump in his capacity as an attorney for the Martin family preparing for possible future civil litigation against Zimmerman.
We respectfully disagree with the trial court’s analysis. First, the fact that Crump represents Martin’s family does not make him “an opposing counsel.” As acknowledged by Crump in his affidavit, he was not acting as a lawyer for the State or the defendant, nor could his interview of Witness 8 be found to constitute trial preparation in the pending criminal case below.
The Shelton test was intended to protect against the ills of deposing opposing counsel in a pending case that could potentially lead to the disclosure of the attorney’s litigation strategy. Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726, 730-31 (8th Cir.2002). Because of a belief that the discovery process was being abused, the Shelton test was erected as a barrier to protect trial attorneys from unnecessary depositions. Id. However, the Shelton test does not apply where, as in the instant case, an attorney has knowledge of facts *448 relevant to the subject matter of the litigation and is merely advising a client with respect to a related matter:
Thus, Pamida makes clear that the three Shelton criteria apply to limit deposition questions of attorneys in only two instances: (1) when trial and/or litigation counsel are being deposed, and (2) when such questioning would expose litigation strategy in the pending case.
United States v. Philip Morris, Inc., 209 F.R.D. 13, 17 (D.D.C.2002).
Second, we also conclude that any testimony given by Crump as to the substance of his interview of Witness 8 and the surrounding circumstances thereto would not violate the work product privilege because any privilege that may have existed was waived when Crump conducted the interview in the presence of two media representatives who subsequently aired portions of the interview on national television. See Visual Scene, Inc. v. Pilkington Bros., 508 So.2d 437, 442 (Fla. 3d DCA 1987) (work product privilege waived where disclosure of information is made in manner that is “inconsistent with the maintenance of secrecy from the disclosing party’s adversary”).
The information provided by Witness 8 is relevant to the determination of whether Zimmerman is guilty of second degree murder (or a lesser included offense). Should Witness 8 testify at trial, Zimmerman is entitled to discover whether such testimony is consistent with prior statements made by Witness 8 to Crump and whether such testimony was in any way influenced by the manner in which the interview in question was conducted.
Finally, although not a basis of the trial court’s ruling, we reject any suggestion that Crump’s affidavit would serve as an adequate substitute for a deposition. See Patrick v. State, 104 So.3d 1046, 1057 (Fla.2012) (“Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested.”)
In concluding that the trial court erred in denying Zimmerman an opportunity to depose Crump, we caution that any deposition of Crump is to be limited to inquiry of circumstances surrounding the interview of Witness 8 and the contents of such interview. Defense counsel may not inquire into Crump’s mental impressions regarding Witness 8, nor may counsel inquire as to the reasons why Crump conducted the interview in the manner in which he did. Additionally, we believe the work product privilege precludes defense counsel from making inquiry as to the reason(s) Crump attempted to locate Witness 8 and the methods employed to do so.
The deposition contemplated by our opinion should be relatively short and straight forward. We are confident that the trial judge will be able to take the steps necessary to ensure the deposition is limited to the subject areas described above.
Petition for Writ of Certiorari GRANTED.
LAWSON, EVANDER and COHEN, JJ., concur.

. Several witnesses have been publically identified only by assigned numbers to protect their privacy due to the intense media attention this case has generated.