# Third District Court of Appeal

## State of Florida

Opinion filed June 17, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2904
Lower Tribunal No. 13-4180
_____

## Eller-I.T.O. Stevedoring Company, L.L.C.,
Petitioner,

vs.

## Lazaro Pandolfo and Olga Alvarez a/k/a Olga Alvarez Sarria,
Respondents.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Lisa Walsh, Judge.

Hamilton, Miller & Birthisel, Jerry D. Hamilton, Robert M. Oldershaw and Michael J. Dono, for petitioner.

Matias R. Dorta and Gonzalo R. Dorta, for respondents.

Before WELLS, ROTHENBERG and EMAS, JJ.

*ON MOTION FOR CLARIFICATION*

WELLS, Judge.

We grant Appellant's Motion to Clarify, withdraw our previous opinion filed April 29, 2015, and substitute the following opinion in its place.

Eller-I.T.O. Stevedoring Co., L.L.C. ("Eller-ITO") seeks certiorari review of an order compelling an outside-attorney for Eller-ITO, Timothy J. Armstrong, assisting in Eller-ITO's representation herein, to be deposed by the respondents. Because we find no record basis for ordering this Eller-ITO attorney to appear for deposition, we grant certiorari and quash without prejudice the order under review. See State v. Donaldson, 763 So. 2d 1252, 1255 (Fla. 3d DCA 2000) (granting certiorari and quashing order compelling opposing counsel to sit for deposition); see also Scottsdale Ins. Co. v. Camara de Comercio Latino-Americana de los Estados Unidos, Inc., 813 So. 2d 250, 252 (Fla. 3d DCA 2002) (citing Donaldson, granting certiorari and quashing order that denied motion for protective order and compelled opposing counsel to appear for deposition).

In Donaldson, this court, citing in part to Shelton v. American Motors Corp., 805 F. 2d 1323, 1327 (8th Cir. 1986), stated "[t]aking the deposition of opposing counsel in a pending case is an extraordinary step which will be rarely justified." Donaldson, 763 So. 2d at 1254. As Shelton (where the deposition of an in-house attorney was at issue) confirms, such depositions "should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought

2

is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." Shelton, 805 F. 2d at 1327 (citation omitted); see also Zimmerman v. State, 114 So. 3d 446, 447 (Fla. 5th DCA 2013) ("Because of a belief that the discovery process was being abused, the Shelton test was erected as a barrier to protect trial attorneys from unnecessary depositions.").

The record in this case confirms that attorney Armstrong, although not counsel of record, is directly involved in the instant litigation having both directed and overseen "various aspects of Eller-ITO's investigation of the accident on which [respondents] . . . premised their allegations and claims *sub judice,* as well as [having] prepar[ed] and receiv[ed] documentation [including attorney-client privileged communications and work product documents] related to the investigation," thereby obligating respondents to satisfy Shelton's requirements before being allowed to take his deposition. See Broughton v. Cotter Corp., 65 F. 3d 823, 828-31 (10th Cir. 1995) (precluding the deposition of outside counsel because of the extent of that attorney's role in representing the party); Nat'l W. Life Ins. Co. v. W. Nat'l Life Ins. Co., No. A-09-CA-711, 2010 WL 5174366, at *3 (W.D. Tex. Dec. 13, 2010) ("[T]he critical factor in determining whether the Shelton test applies is not the status of the lawyer as 'trial counsel,' but the extent of the lawyer's involvement in the pending litigation." (quoting Murphy v. Adelphia Recovery Trust, No. 3-09-MC-105-B, 2009 WL 4755368, at *3 (N.D.

3

Tex. Nov. 3, 2009))); <u>Massillon Mgmt., LLC v. Americold Realty Trust</u>, No. 5:08-CV-799, 2009 WL 614831, at *3-6 (N.D. Ohio Jan. 21, 2009) (holding that in-house counsel who was working with outside counsel to assist in developing strategy, taking discovery, and assisting in defending an action was not subject to being deposed because the criteria set forth in <u>Shelton</u> had not been satisfied) (citing <u>Nationwide Mut. Ins. Co. v. Home Ins. Co.</u>, 278 F. 3d 621, 628 (6th Cir. 2002) as having adopted <u>Shelton</u>)).  Because respondents failed to satisfy <u>Shelton</u>'s requirements, we grant the petition for writ of certiorari and quash the lower court's order without prejudice.

Certiorari granted.