# Third District Court of Appeal

## State of Florida

Opinion filed August 03, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1240
Lower Tribunal No. 14-9285
_____

**575 Adams, LLC,**
Petitioner,

vs.

**Wells Fargo Bank, N.A., etc.,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, John Schlesinger, Judge.

Neustein Law Group, P.A., and Nicole R. Moskowitz, for petitioner.

Marinosci Law Group, P.C., and Bart Heffernan (Fort Lauderdale), for respondent.


Before SUAREZ, C.J., and ROTHENBERG and FERNANDEZ, JJ.

ROTHENBERG, J.

575 Adams, LLC ("575 Adams") seeks a writ of certiorari quashing the trial court's order granting Wells Fargo Bank's ("Wells Fargo") motion for a protective order, which prevents 575 Adams from deposing the only witness listed to testify on Wells Fargo's behalf, Nathan Shue ("Shue"), Wells Fargo's servicer's corporate representative. For the following reasons, we grant the petition and quash the trial court's protective order.

Wells Fargo filed a mortgage foreclosure action against 575 Adams and others. 575 Adams was not a signatory to the promissory note or mortgage but is the owner of the subject property by a quit claim deed, which was filed prior to the filing of the instant foreclosure action. Wells Fargo listed only one witness on its witness list, Shue, who Wells Fargo stated had "personal knowledge as to verification of the business records of the subject loan, including the Note and Mortgage, payment history, breach letter, other documents pertaining to this loan, as well as standing and capacity, and the amounts due and owing, and other matters relating to the subject loan default or in response to defenses, as necessary."

575 Adams filed a motion to compel the deposition of Shue after several unsuccessful attempts to coordinate a deposition with Wells Fargo. In its motion to compel, 575 Adams argued that Shue's testimony at trial would directly relate to its defenses, including lack of standing, notice, and conditions precedent. Thus, the

inability to depose Shue would greatly prejudice 575 Adams's ability to present an adequate defense at trial. In response, Wells Fargo filed a motion for a protective order, claiming that because 575 Adams was not a signatory to the note or mortgage, it was not entitled to take Shue's deposition or raise certain affirmative defenses.

At a hearing on the two motions, the trial court acknowledged that 575 Adams could raise the affirmative defense that Wells Fargo lacked standing, but stated that it had not yet read the parties' motions and reserved ruling.[1] Thereafter, the trial court entered a cursory order granting Wells Fargo's motion for a protective order, stating that 575 Adams was a "stranger to the mortgage and note." 575 Adams filed the instant petition for writ of certiorari to challenge the trial court's protective order.

A non-final discovery order may be reviewed by certiorari only if the contested order (1) results in a material injury (2) that cannot be remedied on postjudgment appeal and (3) departs from the essential requirements of law. Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 454 (Fla. 2012); Racetrac Petroleum, Inc. v. Sewell, 150 So. 3d 1247, 1251 (Fla. 3d DCA 2014).

---

[1] The record on appeal does not contain a transcript of the hearing, but 575 Adams has filed a brief statement of the proceedings that was approved by the trial court. See Fla. R. App. P. 9.200(b)(4).

3

The first two requirements are satisfied because Shue is a material witness, and as this Court has previously stated, "an order prohibiting the taking of a material witness's deposition inflicts the type of harm that cannot be remedied on final appeal." Marshall v. Buttonwood Bay Condo. Ass'n, 118 So. 3d 901, 903 (Fla. 3d DCA 2013). Additionally, we find that the trial court's protective order departed from the essential requirements of law because it failed to make a finding of good cause to prohibit 575 Adams from deposing Wells Fargo's material witness. Id.; Medero v. Fla. Power & Light Co., 658 So. 2d 566, 567 (Fla. 3d DCA 1995) (holding that a "trial court has the right to deny discovery **upon a showing of good cause**") (emphasis added); see also Fla. R. Civ. P. 1.280(c).

The trial court's statement that 575 Adams was a "stranger to the note and mortgage," without more, cannot constitute a finding of good cause to issue its protective order prohibiting 575 Adams from deposing Shue. While 575 Adams might not be a party to the note and mortgage, neither Wells Fargo nor the trial court have explained why that finding amounts to good cause to forbid the owner of the property being foreclosed upon from deposing the only witness listed to testify on Wells Fargo's behalf. Additionally, the trial court stated that 575 Adams could raise lack of standing as an affirmative defense, and Wells Fargo admitted in its witness list that Shue had personal knowledge of Wells Fargo's standing. Therefore, 575 Adams has a legitimate ground to depose Shue, as his testimony is

4

relevant to an affirmative defense, and there is nothing in the record to suggest that a deposition of Shue would be cumulative, abusive, or frivolous.

In conclusion, because the trial court's protective order prohibited 575 Adams, a defendant in the foreclosure litigation and the owner of the subject property, from deposing a material witness, and because neither the protective order under review nor the record on appeal suggest that the trial court found good cause to enter the protective order, we grant the petition for writ of certiorari, quash the trial court's protective order, and remand for proceedings consistent with this opinion.

Petition granted; order quashed; remanded.