# Third District Court of Appeal

## State of Florida

Opinion filed December 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-2165
Lower Tribunal No. 18-25431
_____

## Mark Iacono and L24M, LLC,

Petitioner,

vs.

## Santa Elena Holdings, LLC and Dominic Cavagnuolo,

Respondents.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Black, Srebnick, Kornspan & Stumpf, P.A., and Jared Lopez and Joshua A. Shore, for petitioner.

Lombana Hoelle Trial Law, and Hector J. Lombana; Law Offices of Anthony Accetta, and Anthony Accetta, for respondent.


Before SUAREZ, SALTER, and EMAS JJ.

SUAREZ, J.

Mark Iacono and L24M, LLC seek certiorari relief from an order compelling

the depositions of their attorneys, Jared Lopez and Joshua Shore, and paralegal,

Barbara Andrade. Because Respondents Dominic Cavagnuolo and Santa Elena Holdings, LLC failed to satisfy the requirements set forth in Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986), we grant the Petition for Writ of Certiorari and quash the discovery order under review without prejudice.

This case stems from an April 2018 board meeting where Cavagnuolo was allegedly voted out as the manager of L24M, and Iacono was allegedly voted in. Attorneys Lopez and Shore and paralegal Andrade were present at the meeting. Following the board meeting, Iacono filed the underlying action, on behalf of L24M, against Cavagnuolo and Santa Elena Holdings, alleging wrongful acts with respect to the formation and management of L24M. Cavagnuolo contends that he is still the manager of L24M because the required votes were never obtained to remove him. Based on this assertion, he filed a motion to disqualify Iacono's attorneys from representing L24M. Cavagnuolo also served Lopez, Shore, and Andrade with subpoenas for depositions.

During a brief status conference, the trial court granted Cavagnuolo's oral motion to compel compliance with the subpoenas. Cavagnuolo argued that the depositions were necessary to prepare for the upcoming hearing on his motion to disqualify and that the information could not be obtained by any other means. The court did not allow opposing counsel to respond to Cavagnuolo's allegation that the information was unavailable from any other source, and it granted

2

Cavagnuolo's motion to compel. Iacono then filed an emergency motion for protective order, which was denied. Iacono now seeks certiorari review of the trial court's discovery order.

"A party seeking review of a pretrial discovery order must show that the trial court's order departed from the essential requirements of law and caused 'material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal.'" Giacalone v. Helen Ellis Mem'l Hosp. Found., Inc., 8 So. 3d 1232, 1234 (Fla. 2d DCA 2009) (quoting Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. 1987)). We have certiorari jurisdiction to review the court's discovery order because it orders opposing counsel to appear for depositions. We have previously held that taking the deposition of opposing counsel in a pending case is an extraordinary step that will rarely be justified, and we have reviewed such discovery orders on certiorari. Eller-I.T.O. Stevedoring Co., L.L.C. v. Pandolfo, 167 So. 3d 495, 496 (Fla. 3d DCA 2015) (citing State v. Donaldson, 763 So. 2d 1252, 1254 (Fla. 3d DCA 2000)).

Where the deposition of opposing counsel is it issue, the party seeking such a deposition has the burden of meeting the three-factor test outlined in Shelton, 805 F.2d at 1327:

> We recognize that circumstances may arise in which the court should order the taking of opposing counsel's

3

deposition. But those circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

(citation omitted); see also Zimmerman v. State, 114 So. 3d 446, 447 (Fla. 5th DCA 2013) ("The *Shelton* test was intended to protect against the ills of deposing opposing counsel in a pending case that could potentially lead to the disclosure of the attorney's litigation strategy. Because of a belief that the discovery process was being abused, the *Shelton* test was erected as a barrier to protect trial attorneys from unnecessary depositions." (citation omitted)); see also Eller-I.T.O., 167 So. 3d at 496.

Based on the record below, we conclude that Cavagnuolo failed to satisfy the requirements set forth in Shelton. During the brief status conference at which Cavagnuolo moved to compel compliance with the subpoenas, the trial court did not consider all of the Shelton factors and did not even allow opposing counsel to respond to Cavagnuolo's allegation that no other means existed to obtain the information other than to depose opposing counsel:

> THE COURT: Let me cut you -- because this is motion calendar and -- no, I'm not going to allow a response.
> Counsel, I'm going to require the depositions to go forward.

4

The court, therefore, departed from the essential requirements of the law when it granted Cavagnuolo's motion to compel. Accordingly, we grant the Petition for Writ of Certiorari and quash the lower court's discovery order without prejudice.

Petition granted.