# Third District Court of Appeal

## State of Florida

Opinion filed May 5, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D21-274
Lower Tribunal No. 14-8409

————————

## Central Concrete Supermix, Inc.,
Petitioner,

vs.

## Jose A. "Pepe" Cancio, Sr.,
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Veronica A. Diaz, Judge.

Dorta Law, and Gonzalo R. Dorta, for petitioner.

Law Office of Lazaro Vazquez, P.A., and Lazaro Vazquez, for respondent.

Before EMAS, C.J., and SCALES and LOBREE, JJ.

EMAS, C.J.

Central Concrete Supermix, Inc. ("Supermix") filed a petition for writ of certiorari, seeking to quash the trial court's protective order, which prohibited Supermix from deposing Lawrence J. McGuinness, former counsel for respondent Jose A. Pepe Cancio, Sr. ("Cancio").

The litigation below was initiated in 2014 by Cancio after he was terminated from his employment with Supermix. Cancio alleged claims against Supermix for, inter alia, unpaid wages, commissions, bonuses or other benefits.

At some point in the litigation an issue arose with regard to the admissibility of a two-page, handwritten document referred to by the parties as "Exhibit 3." Cancio contends Exhibit 3 supports his claim for damages, characterizing the document as admissible evidence establishing that Supermix made an enforceable promise to pay him a bonus. In response, Supermix has asserted that Exhibit 3 was part of a presuit settlement offer and, as such, cannot be used or introduced into evidence by Cancio in support of his claims. See § 90.408, Fla. Stat. (2014) (entitled "Compromise and offers to compromise" and providing: "Evidence of an offer to compromise a claim which was disputed as to validity or amount, as well as any relevant conduct or statements made in negotiations concerning a

compromise, is inadmissible to prove liability or absence of liability for the claim or its value.")

Supermix issued a subpoena to depose McGuinness, Cancio's former counsel. Cancio moved to quash the subpoena for McGuinness's deposition and sought a protective order, asserting that the "intended deposition would necessarily or by implication disclose [Cancio's] privileged communications with his counsel" in violation of the attorney-client privilege. Supermix filed a two-page response, alleging only that it sought to depose McGuinness regarding non-privileged communications McGuinness had with Supermix, particularly with regard to a letter, sent by McGuinness to Supermix, which explicitly referred to a post-termination meeting between Cancio and Supermix as "settlement discussions." At some point, it appears Supermix broadened its asserted need for McGuinness's deposition to include questions regarding Exhibit 3.

Following a short hearing, the trial court, in an unelaborated order, quashed the subpoena and granted the motion for protective order, prohibiting Supermix from deposing McGuinness. This petition followed.

Certiorari relief is warranted under circumstances in which a non-final discovery order "(1) results in a material injury; (2) that cannot be remedied on post-judgment appeal; and (3) departs from the essential requirements of

3

law." 575 Adams, LLC v. Wells Fargo Bank, N.A., 197 So. 3d 1235, 1237 (Fla. 3d DCA 2016) (holding the first two requirements were satisfied because the deponent was a material witness and "an order prohibiting a deposition of a material witness inflicts the type of harm that cannot be remedied on final appeal;" further holding the third requirement was satisfied because court failed to make a finding of good cause to prohibit the deposition of a material witness) (quoting Marshall v. Buttonwood Bay Condo. Ass'n, 118 So. 3d 901, 903 (Fla. 3d DCA 2013)).

In this petition, Supermix contends that the trial court departed from the essential requirements of the law because it failed to make any finding of good cause for quashing the subpoena and issuing an order prohibiting the deposition of McGuinness. However, we need not reach this issue, because Supermix failed to meet its burden of establishing an entitlement to depose Cancio's former counsel.

Taking the deposition of opposing counsel in a pending case (or even, as here, former counsel in a pending case) "is an extraordinary step which will be rarely justified." Eller-I.T.O. Stevedoring Co., LLC v. Pandolfo, 167 So. 3d 495, 496 (Fla. 3d DCA 2015). As we held in Pandolfo:

> [S]uch depositions should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2)

4

the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case."

Id. (quotation omitted). See also State v. Donaldson, 763 So. 2d 1252, 1255 (Fla. 3d DCA 2000) (observing: "In the rare case in which the defense believes it has a basis for taking the prosecutor's deposition, the defense must first exhaust less intrusive discovery methods, and then make a showing of necessity and materiality, and that the interests of justice require this extraordinary step.")

Supermix failed to allege or establish that no other means exist to obtain the information sought, other than by deposing McGuinness. See Id.; Pandolfo, 167 So. 3d at 496. See also Iacono v. Santa Elena Holdings, LLC., 271 So. 3d 28 (Fla. 3d DCA 2018). Given this failure, the trial court properly quashed the subpoena and issued a protective order to prohibit the taking of McGuinness' deposition.

Petition denied.