# Third District Court of Appeal

## State of Florida

Opinion filed April 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1941
Lower Tribunal No. 23-16940-CA-01
_____

**Michael Pulwer, et al.,**
Petitioners,

vs.

**Asante Samuel and Makin Moves 22, LLC,**
Respondents.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Beatrice Butchko Sanchez, Judge.

The Law Offices of Kent Harrison Robbins, P.A., and Kent Harrison Robbins, for petitioners.

Nardella & Nardella, PLLC, Jacob J.A. Niergarth and Juliane M. Brumbaugh (Orlando), for respondents.


Before SCALES, LOBREE, and GOODEN, JJ.

GOODEN, J.

Deposing opposing counsel is an extraordinary step and fraught with concern. It should be the exception—not the rule. We grant the petition for writ of certiorari and quash the order allowing the deposition of counsel of record without prejudice.

## I.

Asante Samuel is the principal of Makin Moves 22, LLC, and Michael Pulwer is the principal of Magek, LLC. The parties executed two contracts for the transfer of all Makin Moves 22, LLC's membership interest in another limited liability corporation to Magek, LLC. These interests were to be held in escrow by Pulwer's counsel, Kent Harrison Robbins, Esq. A dispute arose as to whether the transfer had been fully executed. Pulwer and Magek, LLC filed suit. Robbins remained counsel of record for Pulwer and Magek, LLC.

Samuel and Makin Moves 22, LLC propounded discovery upon Pulwer and Magek, LLC. In response, Pulwer and Magek, LLC provided 357 pages of documents and objected to many of the requests. But none of those objections were set for hearing or otherwise resolved, and no parties or fact witnesses were deposed.

Instead, Samuel and Makin Moves 22, LLC served Robbins with a subpoena duces tecum and noticed him for deposition. Notably, the documents sought were identical to those in the objected-to requests for

2

production. Robbins moved to quash the subpoena and for a protective order, citing Shelton v. American Motors Corporation, 805 F.2d 1323 (8th Cir. 1986), and Eller-I.T.O. Stevedoring Co., LLC v. Pandolfo, 167 So. 3d 495 (Fla. 3d DCA 2015).

Argument was heard on a five-minute motion calendar. Robbins maintained that the Shelton criteria had not been met because they had not exhausted other means to obtain the information, such as deposing the parties or other fact witnesses or seeking a hearing to resolve objections to discovery. He further explained that any information he could provide, in addition to being privileged, was irrelevant since the contract contained a merger clause and contract interpretation is a legal question for the court. Samuel and Makin Moves 22, LLC countered that the Shelton criteria were met because Pulwer and Magek, LLC objected to the requests for production.

Denying the motion, the trial court stressed the need to move the case and stated Samuel and Makin Moves 22, LLC were stymied in their attempt to obtain information. It ordered Robbins to sit for deposition and ordered him to produce the objected-to documents.

This petition for writ of certiorari timely followed.

**II.**

To obtain a writ of certiorari, a party must demonstrate a departure from the essential requirements of the law that results in material injury that cannot be corrected on plenary appeal. <u>Reeves v. Fleetwood Homes of Florida, Inc.</u>, 889 So. 2d 812, 822 (Fla. 2004).

**III.**

"Taking the deposition of opposing counsel in a pending case is an extraordinary step which will rarely be justified." <u>State v. Donaldson</u>, 763 So. 2d 1252, 1254 (Fla. 3d DCA 2000). Such depositions are limited:

> to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

<u>Pandolfo</u>, 167 So. 3d at 496 (quoting <u>Shelton</u>, 805 F.2d at 1327).[1] <u>See also</u> <u>State v. Donaldson</u>, 763 So. 2d 1252, 1255 (Fla. 3d DCA 2000) ("In the rare case in which the defense believes it has a basis for taking the prosecutor's deposition, the defense must first exhaust less intrusive discovery methods, and then make a showing of necessity and materiality, and that the interests of justice require this extraordinary step.").

---

[1] While our Court has specifically adopted the <u>Shelton</u> test, other Districts have not done so. <u>Compare</u> <u>Pandolfo</u>, 167 So. 3d at 496, <u>with</u> <u>Alachua Today, Inc. v. DW Ashton Catery, Inc.</u>, 50 Fla. L. Weekly D288 (Fla. 1st DCA Feb. 5, 2025).

> The Shelton test was intended to protect against the ills of deposing opposing counsel in a pending case that could potentially lead to the disclosure of the attorney's litigation strategy. Because of a belief that the discovery process was being abused, the Shelton test was erected as a barrier to protect trial attorneys from unnecessary depositions.

Zimmerman v. State, 114 So. 3d 446, 447 (Fla. 5th DCA 2013) (citation omitted).

Based on the record before this Court, we conclude Samuel and Makin Moves 22, LLC failed to satisfy the Shelton criteria. See Cent. Concrete Supermix, Inc. v. Cancino, 319 So. 3d 742, 744 (Fla. 3d DCA 2021); Iacono v. Santa Elena Holdings, LLC, 271 So. 3d 28, 30 (Fla. 3d DCA 2018). Other—less intrusive—means existed to obtain this information. When the subpoena was issued, there were between three to eight other individuals likely to have relevant information, who had not been deposed. The duces tecum request mirrored the objected-to requests for production. No attempt was made to compel discovery responses or set the objections for hearing. Further, it is plain the questions to be asked about Robbins' participation in pre-and-post-contractual negotiations, as well as execution, were likely to elicit testimony about his mental impressions, litigation strategy, privileged communications, or some combination thereof.

These are the precise ills Shelton is meant to guard against. While we are mindful of a trial court's need to advance its docket, we take this

5

opportunity to reiterate that the compelled deposition of opposing counsel is an extraordinary step—authorized only once the criteria set forth in <u>Shelton</u> have been fully satisfied. Great care should be taken before compelling such depositions.

Because Samuel and Makin Moves 22, LLC failed to satisfy the <u>Shelton</u> criteria, the trial court departed from the essential requirements of the law thereby causing material harm which cannot be corrected on plenary appeal. We grant the petition for writ of certiorari and quash the lower court's order without prejudice. <u>Pandolfo</u>, 167 So. 3d at 497; <u>Iacono</u>, 271 So. 3d at 30.

Petition granted; order quashed.