# Third District Court of Appeal

## State of Florida

Opinion filed September 10, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0959
Lower Tribunal No. 24-22248-CA-01
_____

**Sturon, Inc., et al.,**
Petitioners,

vs.

**Sturon Nursery, Inc.,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

TA PLLC, and Alexander A. Salinas, Alexander G. Plansky, and Karl Klein, for petitioners.

Solomon, Cooperman, Recondo, Shapiro, Abril, and Craig B. Shapiro, for respondent.

Before EMAS, FERNANDEZ and MILLER, JJ.

EMAS, J.

**INTRODUCTION**

Petitioners, Sturon, Inc., Sunsational Tropicals, Inc., and Steven Leonard, plaintiffs below, petition this court for a writ of certiorari, seeking to quash an order denying a motion for protective order and permitting Respondent Sturon Nursery, Inc., defendant below, to depose Petitioners' counsel Karl Klein, Esq. ("Klein").[1]

We grant the Petition and quash the order on review because Respondent failed to establish the requisite criteria set forth in Shelton v. American Motors Corporation, 805 F.2d 1323 (8th Cir. 1986), as adopted by this Court in Eller-I.T.O. Stevedoring Co., LLC v. Pandolfo, 167 So. 3d 495, 496 (Fla. 3d DCA 2015) and as recently applied in Pulwer v. Samuel, 407 So. 3d 581, 582 (Fla. 3d DCA 2025).

**FACTUAL AND PROCEDURAL BACKGROUND**

The underlying action arose out of a landlord/tenant dispute. In November 2020, the parties entered into a ten-year farm lease agreement, which contained a purchase option. Less than four years later (June 2024) counsel for the tenant/Respondent, Fernandez-Fraga, notified counsel for landlord/Petitioner, Klein, of their intent to exercise the purchase option. In September and October, while discussions regarding the purchase option

---

[1] This Court has jurisdiction. See Fla. R. App. P. 9.030(b)(2)(A) & 9.100(c)(1).

were still ongoing, Petitioners served Respondent with notice of default, followed in November by a notice of lease termination.

In November 2024, Petitioners filed a complaint to evict Respondent. Klein appeared on behalf of Petitioners, and Respondent moved to disqualify Klein and his law firm (TA PLLC), as counsel for Petitioners, contending that Klein was a material witness because he worked on the execution of the lease in 2020 and participated in the purchase option discussions in 2024. The motion was initially set for hearing but later cancelled, and was never rescheduled.

Thereafter, Respondent served Klein with a subpoena duces tecum for deposition. Klein and TA PLLC filed a motion to quash the subpoena and for a protective order, relying on Shelton and Pandolfo.[2]

Following the hearing, the trial court denied the motion, allowing Klein's deposition: (1) "following the depositions of all material fact witnesses including, but not limited to, the principal decision-makers," and (2) permitting

---

[2] Petitioners' counsel sought a protective order pursuant to Florida Rule of Civil Procedure 1.280(d) ("On motion by a party or by the person from whom discovery is sought, and for good cause shown, the court… may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires. . . ."). "The request for deposition of a party's attorney can create good cause for the party opposing the deposition to seek a protective order under the rule." Alachua Today, Inc. v. DW Ashton Catery, Inc., 401 So. 3d 1242, 1242 (Fla. 1st DCA 2025).

3

Petitioner(s) to "raise any objections based on work product or attorney-client privilege on a question-by-question basis." The instant Petition followed.

**ANALYSIS AND DISCUSSION**

While we recognize that "[c]ertiorari is an extraordinary remedy that is available only in limited circumstances." Avatar Prop. & Cas. Ins. Co. v. Mitchell, 314 So. 3d 640, 641 (Fla. 3d DCA 2021) (quoting Charles v. State, 193 So. 3d 31, 32 (Fla. 3d DCA 2016)), it is equally true that "[t]aking the deposition of opposing counsel in a pending case is an extraordinary step that will rarely be justified, and we have reviewed such discovery orders on certiorari." Iacono v. Santa Elena Holdings, LLC, 271 So. 3d 28, 30 (Fla. 3d DCA 2018) (citing Pandolfo, 167 So. 3d at 496).

"Certiorari relief is warranted under circumstances in which a non-final discovery order '(1) results in a material injury; (2) that cannot be remedied on post-judgment appeal; and (3) departs from the essential requirements of law.'" Cent. Concrete Supermix, Inc. v. Cancio, 319 So. 3d 742, 743 (Fla. 3d DCA 2021) (quoting 575 Adams, LLC v. Wells Fargo Bank, N.A., 197 So. 3d 1235, 1237 (Fla. 3d DCA 2016)). This Court has previously found certiorari jurisdiction "to review an order compelling [a] deposition . . . because 'once discovery is wrongfully granted, the complaining party is beyond relief.'" McLane Foodservice, Inc. v. Wool, 400 So. 3d 706, 710 (Fla. 3d DCA 2024)

4

(quoting <u>DecisionHR USA, Inc. v. Mills</u>, 341 So. 3d 448, 452 (Fla. 2d DCA 2022)).

As this Court has observed: "Deposing opposing counsel is an extraordinary step and fraught with concern. It should be the exception—not the rule." <u>Pulwer</u>, 407 So. 3d at 582. Such depositions are disfavored for a variety of reasons, not least of which they threaten to impinge on the attorney-client relationship and impose a "chilling effect . . . on the truthful communications from the client to the attorney." <u>Shelton</u>, 805 F.2d at 1327. Given this understandable reluctance, Florida courts, including this Court, have adopted the <u>Shelton</u> test to limit such depositions to situations

> where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

<u>Pulwer</u> 407 So. 3d. at 583 (quoting <u>Pandolfo</u>, 167 So. 3d at 496); <u>see also</u> <u>State v. Donaldson</u>, 763 So. 2d 1252, 1255 (Fla. 3d DCA 2000). The parameters created by the <u>Shelton</u> test were "intended to protect against the ills of deposing opposing counsel in a pending case that could potentially lead to the disclosure of the attorney's litigation strategy." <u>Zimmerman v. State</u>, 114 So. 3d 446, 447 (Fla. 5th DCA 2013). To fulfill this laudable goal, the burden is upon the party seeking to depose opposing counsel to satisfy

5

the <u>Shelton</u> criteria before such a deposition may be authorized. <u>Cent. Concrete</u>, 319 So. 3d at 744; <u>see also</u> <u>Pulwer</u>, 407 So. 3d at 584; <u>Iacono</u>, 271 So. 3d at 29-30.

Notably, this Court has extended <u>Shelton</u> to cases where the lawyer at issue was not counsel of record per se. <u>Pandolfo</u>, 167 So. 3d at 496-97. In <u>Pandolfo</u>, the attorney, although not counsel of record, was directly involved in the instant litigation, having both directed and overseen various aspects of the accident investigation, as well as having prepared and received documentation, including privileged communications and work product. <u>Id.</u> The trial court denied the motion for protective order and permitted the deposition to proceed. This Court quashed the order compelling the deposition, noting that the "critical factor in determining whether the <u>Shelton</u> test applies is not the status of the lawyer as 'trial counsel,' but the extent of the lawyer's involvement in the pending litigation." <u>Id.</u> (quoting <u>Nat'l W. Life Ins. Co. v. W. Nat'l. Life Ins. Co.</u>, No. A-09-CA-711 LY, 2010 WL 5174366, at *3 (W.D. Tex. Dec. 13, 2010)); <u>see also</u> <u>Cent. Concrete</u>, 319 So. 3d at 744 (applying the Shelton test to former counsel in a pending case); <u>Pulwer</u>, 407 So. 3d at 584 (applying <u>Shelton</u> to litigation counsel who had previously served in transactional role).

In the instant case, the parties disagree as to the characterization of Klein's role vis-à-vis the underlying transaction. Respondent claims that Klein was not acting as Petitioners' counsel during the period of negotiations regarding the purchase option in the summer of 2024. Respondent raises this argument because Klein mentioned in an email that he needs a "new retainer agreement to be formally retained." Respondent contends this negates the applicability of Shelton, as Klein could not be considered "opposing counsel" if he was not formally retained as counsel during the negotiations. We reject this argument.

Importantly, Klein is currently Petitioners' counsel of record, and has continuously served as their litigation counsel since at least two months prior to the filing of the complaint. Further, Klein's firm (TA PLLC) represented Petitioners in the preparation of the pre-litigation notices of defaults. Klein also appears to have drafted the complaint, as his name appears in the signature block as a filer of said pleading.

In addition, Klein was, at a minimum, transactional counsel for Petitioners in the negotiation and execution of the underlying lease. In fact, it appears from the record before us that Klein helped prepare the initial lease agreement in November 2020, was Petitioners' agent throughout the

7

purchase option discussions and has since participated in preparing the underlying litigation documents.

It is thus clear that Shelton applies to this situation, and Respondent shouldered the burden to establish that the Shelton criteria had been satisfied. Although Respondent claims that "[n]o other means exist for the [Respondent] to learn of the action taken by Klein to thwart the rights of the [Respondent] to purchase the property in issue," this assertion is unsupported by any evidence, and it is clear "they had not exhausted other means to obtain the information, such as deposing the parties or other fact witnesses." Pulwer, 407 So. 3d at 583. Indeed, the trial court's order directed that the deposition could only be taken "following the depositions of all material fact witnesses including, but not limited to, the principal decision-makers."[3] This portion of the trial court's order substantiates Petitioners' argument that Respondent has failed to satisfy the first part of the Shelton

---

[3] While some might contend that language in the order renders our review premature, we note that the order does in fact deny Petitioners' motion (which sought to prohibit the taking of Klein's deposition) but conditions the taking of Klein's deposition on Respondent having first deposed "all material fact witnesses [including principal decision-makers]." In doing so, the trial court has effectively predetermined that engaging in this additional discovery will necessarily satisfy the Shelton criteria, improperly shifting the burden to Petitioners to "prove" otherwise. Such an order fails to comport with the Shelton test in the absence of evidence to support Respondent's conclusory statements to justify Klein's deposition in the first instance.

test—to establish that "no other means exist to obtain the information than to depose opposing counsel." Here, little to no discovery had been conducted when Respondent issued its deposition subpoena to Klein. The record was devoid of any notice of depositions, service of interrogatories or requests for production, or any other attempt by Respondent to obtain the same information by alternative means, prior to issuing its subpoena to depose opposing counsel. Absent such a showing by Respondent and a corresponding supported finding by the trial court, the order constitutes a departure from the essential requirements of the law.[4]

### CONCLUSION

The trial court's order compels the deposition of opposing counsel despite the moving party failing to satisfy the requisite criteria set forth in Shelton v. American Motors Corporation, 805 F.2d 1323 (8th Cir. 1986), as adopted by this court in Eller-I.T.O. Stevedoring Co. v. Pandolfo, 167 So. 3d 495, 496 (Fla. 3d DCA 2015) and Pulwer v. Samuel, 407 So. 3d 581, 582 (Fla. 3d DCA 2025). We therefore quash the order denying the motion for protective order and compelling the deposition of Petitioners' counsel Karl Klein.

---

[4] Because we find that Respondent failed to satisfy the first prong of the Shelton test, we need not address Petitioners' contention that none of the three Shelton criteria had been satisfied.

9

Petition granted. Order quashed.